IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

LAURA POWERS,
on behalf of herself and
all others similarly situated,                              Case No. :

        Plaintiff,

vs.                                                                              **COMPLAINT**
                                                          **and**
Credit Management Services, Inc.,                    **JURY DEMAND**
Dana K. Fries,
Tessa Hermanson,                                              **(Class Action)**
Jessica L. V. Piskorski, and
Brady W. Keith,

        Defendants.

I.    **INTRODUCTION**

     This is a consumer credit class action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA" or "Act") and the Nebraska Consumer Protection Act ("NCPA") Neb. Rev. Stat. § 59-1601 *et seq*. Plaintiff Laura Powers, on behalf of herself and all persons similarly situated, seeks declaratory judgment, injunctive relief, actual and statutory damages against the Defendant debt collectors Credit Management Services, Inc., Dana K. Fries, Tessa Hermanson, Jessica L. V. Piskorski, and Brady W. Keith, arising from their routine practices of filing collection complaints which represent that Defendants sent demand more than 90 days prior to filing of the suit for the purpose of availing themselves of statutory attorney fees and/or interest when in fact Defendants do not send such notice and of sending certain standard discovery requests in county court collection cases to consumers, like the discovery sent to consumers such as Ms. Powers, which misrepresent the consumers' rights as to the discovery responses and seeks highly confidential financial

1

information irrelevant to any issue in the county court collection case and which misleads and deceives the unsophisticated consumer into believing such information must be provided in order to defend the collection lawsuit in violation of 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(2)(B), § 1692e(9), § 1692e(10), § 1692f and § 1692f(1). Plaintiff also alleges that these practices violate the NCPA.

## II. JURISDICTION

1. Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337. Jurisdiction over the supplemental state law claim arises under 28 U.S.C. § 1367.

2. In personam jurisdiction exists and venue is proper as Defendant Credit Management Services, Inc., is a Nebraska Corporation which regularly does business in this district. The individual Defendants are Nebraska residents and the challenged practices occurred in this jurisdiction. Plaintiff is a resident of this district and the alleged violations occurred here. See 28 U.S.C. § 1391.

## III. PARTIES

3. Plaintiff Laura Powers ("Powers") is an adult individual residing in Omaha, Douglas County, Nebraska. At all times material hereto, Powers and each member of the class she seeks to represent are "consumers" as that term is contemplated in § 1692a of the Act.

4. Defendant Credit Management Services, Inc. ("CMS"), is a Nebraska corporation engaged in the business of collecting debts due or alleged to be due to others across the state of Nebraska, with its principal place of business in Grand Island, Nebraska. CMS is a "debt collector" as that term is contemplated in § 1692a(6) of the Act. CMS has direct involvement in the actions challenged in this lawsuit.

5. Defendants Dana K. Fries, Tessa Hermanson, Jessica L. V. Piskorski, and Brady W. Keith are attorneys for Defendant CMS and are themselves engaged in the business of collecting debts due or alleged to be due to others across the state of Nebraska. Each individual Defendant is a "debt collector" as that term is contemplated in § 1692a(6) of the Act. Each Defendant also has personal involvement in the actions challenged in this lawsuit.

### IV. FACTUAL ALLEGATIONS

6. On or about July 12, 2011, Defendants filed their standard county court collection complaint against Plaintiff Laura Powers in an action entitled, "*Credit Management Services, Inc. v. Laura Powers*", in the County Court of Douglas County, Nebraska, at case no. CI11-13471. All individual Defendants appear as attorney of record in the county court case on the signature block. A true and correct copy of said collection complaint is attached hereto as Exhibit A and incorporated herein by this reference.

7. Exhibit states in pertinent part:

" **5…..More than 90 days have elapsed since the presentation of this claim.**"

8. Powers filed an Answer in the County Court Collection lawsuit on or about September 9, 2011. On or about November 21, 2011, Powers filed an Amended Answer and Affirmative Defenses disputing the debt and indicating that the claim was outside the relevant statute of limitations.

9. Defendants served their standard discovery upon Ms. Powers in the county court collection lawsuit. All of the individual Defendants' names appear on the signature block on the discovery requests. The Discovery is not dated and did not include a Notice of Service that would have indicated the date served.

10. Attached hereto as <u>Exhibit B</u> and incorporated herein by this reference is a copy of said discovery requests consisting of one document containing Requests For Admissions, Interrogatories and Requests For Production of Documents.

11. The Introductory instructions Defendants provide at the beginning of each type of discovery are incomplete, do not fully comply with the law, and mislead an unsophisticated consumer.

12. Additionally, Defendants' standard county court collection Interrogatories (<u>Exhibit B</u> ) asks the following:

> **3. Please state the full name(s) and address(es) of your present place(s) of employment, your length of tenure, the regularity with which you receive compensation, whether it is weekly, biweekly, monthly or other, and your present rate of compensation.**

13. Defendants' standard Requests for Production of Documents seeks the following information:

> **3. Please produce the three most recent tax returns filed by the Defendant.**
>
> **4. Please produce the three most recent payroll stubs from defendant's employment.**

14. These requests seek information not relevant to any issue in the county court lawsuit, (e.g. whether the consumer owes the debt). Defendants routinely seek this information from all consumers who file an answer in their county court collection case. The requests mislead the unsophisticated consumer into believing they must produce the irrelevant highly sensitive financial information in order to defend the case.

15. That during the course of attempting to collect the alleged debt, Defendants also

contacted Ms. Powers place of employment and left her social security number on a company wide voice mail.

## V.    DEFENDANTS' ROUTINE PRACTICES

16.    It is the routine practice of Defendants to file county court collection complaints in the form of Exhibit A which violate 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(2)(B), § 1692e(10), § 1692f and § 1692f(1) the FDCPA and the NCPA.

17.    It is the routine practice of Defendants to send, or cause to be sent, discovery requests in the county court collection lawsuits in the form of Exhibit B which violate 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(2)(B),§ 1692e(9), § 1692e(10), § 1692f and § 1692f(1) of the FDCPA and the NCPA.

18.    It is also the routine practice of Defendants to file collection complaints which represent that Defendants sent demand more than 90 days prior to filing of the suit for the purpose of availing themselves of statutory attorney fees when in fact Defendants do not send such notice.

19.    It is and was the policy and practice of Defendants to obtain assignments of consumer accounts in default and to employ its attorneys to file lawsuits and serve discovery to collect those alleged debts.

20.    It is and was the policy and practice of Defendants to represent in the standard collection complaint (Exhibit A) that "more than 90 days have elapsed since the presentation of this claim" (Exhibit A ¶5) for the purpose of availing themselves of attorney fees and interest pursuant Neb. Rev. Stat. § 25-1801, when in fact CMS does not routinely send a "claim" to consumers prior to filing the county court collection lawsuits.

21.    It is Defendants' routine practice to seek and collect sums in addition to principal,

such attorney fees and/or interest, even though their standard collection complaints do not plead the mandatory language or meet the necessary requirements for being awarded either attorney fees or interest.

22. It is the routine policy and practice of Defendants to send discovery (<u>Exhibit B)</u> in which the instructions confuse and mislead the unsophisticated consumer as to his or her rights in answering said discovery.

23. It is the Defendants' routine policy to ask Interrogatory and Request for Production questions demanding tax returns, tax information, paystub, and other irrelevant and highly personal financial information from the consumer as part of defending the lawsuit.

## VI.   CLASS ALLEGATIONS

**FDCPA CLASS NO. 1.**

24. This action is brought as a class action on behalf of a class defined as: (i) all persons with addresses in Nebraska (ii) to whom Defendants sent, or caused to be sent, a county court collection complaint in the form of <u>Exhibit A</u> or such a CMS collection lawsuit was pending or proceeding (iii) in an attempt to collect an alleged debt (iv) which, as shown by the nature of the alleged debt, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes (v) which were not returned undeliverable by the U.S. Post Office (vi) during the period one year prior to the date of filing this action.

**FDCPA CLASS NO. 2**

25. This action is brought as a class action on behalf of a class defined as: (i) all persons with addresses in Nebraska (ii) to whom Defendants sent, or caused to be sent Discovery requests in the form of <u>Exhibit B</u> (iii) in an attempt to collect an alleged debt (iv) which, as shown by the nature of the alleged debt, Defendants' records, or the records of the original

creditors, was primarily for personal, family, or household purposes (v) which were not returned undeliverable by the U.S. Post Office (vi) during the period one year prior to the date of filing this action.

**NCPA CLASS NO. 1.**

26. This action is brought as a class action on behalf of a class defined as: (i) all persons with addresses in Nebraska (ii) to whom Defendants sent, or caused to be sent, a county court collection complaint in the form of Exhibit A or such a CMS collection lawsuit was pending or proceeding (iii) in an attempt to collect an alleged debt (iv) which, as shown by the nature of the alleged debt, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes (v) which were not returned undeliverable by the U.S. Post Office (vi) during the period four years prior to the date of filing this action.

**FDCPA CLASS NO. 2**

27. This action is brought as a class action on behalf of a class defined as: (i) all persons with addresses in Nebraska (ii) to whom Defendants sent, or caused to be sent Discovery requests in the form of Exhibit B (iii) in an attempt to collect an alleged debt (iv) which, as shown by the nature of the alleged debt, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes (v) which were not returned undeliverable by the U.S. Post Office (vi) during the period four years prior to the date of filing this action.

28. On information and belief based on Defendants' use of form complaints and discovery requests, the class is so numerous that joinder of all members is impractical.

29. There are questions of law and fact common to the class, which common questions predominate over any issues involving only individual class members. The principal

questions are whether Defendants' county court collection complaint in the form of Exhibit A and Defendants' standard discovery requests in the form of Exhibit B violate 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(2)(B), § 1692e(9), § 1692e(10), § 1692f and § 1692f(1).

30. Plaintiff's claims are typical of the class members. All are based on the same facts and legal theories.

31. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in class actions and debt collection abuse cases.

32. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Individual cases are not economically feasible.

33. Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

>   (a) The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and
>
>   (b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

34. Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate. Defendants have acted in a uniform manner toward the class thereby making injunctive and declaratory relief appropriate.

35. Plaintiff requests the Court to certify a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

### VII. COUNT I -- FAIR DEBT COLLECTION PRACTICES ACT

36. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

37. Defendant's county court collection complaint in the form of Exhibit A and certain of the Defendant's standard discovery requests in the form of Exhibit B violate 15 U.S.C. § 1692e,

§ 1692e(2)(A), § 1692e(2)(B),§ 1692e(9), § 1692e(10), § 1692f and § 1692f (1).

**WHEREFORE**, Plaintiff prays that this Court certify the class and enter judgment for Plaintiff and the class members against the Defendants:

(a)     Awarding actual damages, including disgorgement and refund of any amounts collected as a result of collecting attorney fees and/or interest without following the statutory requirements, with interest;

(b)     Awarding statutory damages to the Plaintiff and also to the class as provided by 15 U.S.C. §1692k(a)(2);

(c)     Awarding Plaintiff and the class their costs and reasonable attorney's fees;

(d)     Declaring the challenged practices herein to be unlawful under the Act; and

(e)     Granting such other and further relief as may be deemed just and proper.

## COUNT II – CONSUMER PROTECTION ACT

38.     Plaintiff incorporates by reference the allegations contained above as if the same were here set forth at length.

39.     Each Defendant is a "person" engaged in "Trade or Commerce" as those terms are contemplated in the Consumer Protection Act, Neb. Rev. Stat. § 59-1601.

40.     Defendants' acts of misrepresenting that it sent a demand more than 90 days prior to the filing of the lawsuit for the purpose of obtaining attorney fees and sending certain routine discovery requests seeking objectionable information from consumers constitute unfair or deceptive acts or practices, in violation of Neb. Rev. Stat. § 59-1602. The collection of any amounts as a result of said acts also constitute unfair or deceptive acts or practices, in violation of Neb. Rev. Stat. § 59-1602.

41 .    These violations cause financial injury to the Plaintiff and the Class and bringing

this claim is in the public interest.

WHEREFORE, Plaintiff requests that judgment be entered for herself and the class against Defendants for:

    A.    Statutory damages, pursuant to Neb. Rev. Stat. §59-1609;

    B.    Injunctive relief pursuant to the NCPA;

    C.    Declaratory relief that Defendants' practices violate the NCPA;

    D.    Costs and reasonable attorneys' fees pursuant to Neb. Rev. Stat. §59-1609;

    E.    Actual damages for Plaintiff and the class;

    F.    Such other and further relief as the court deems just and equitable.

    G.

## VIII. <u>JURY DEMAND</u>

Plaintiff demands trial by jury of all claims so triable.

December 18, 2011

Laura Powers, on behalf of herself and all others similarly situated, Plaintiff,

By: */s/ Pamela A. Car*
Pamela A. Car, #18770
William L. Reinbrecht, #20138
Car & Reinbrecht, P.C., LLO
8720 Frederick Street, Suite 105
Omaha, NE 68124
1 (402) 391-8484
Fax: 1 (402) 391-1103
E-mail: pacar@cox.net
ATTORNEYS FOR PLAINTIFF
AND THE PUTATIVE CLASS