IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAURA POWERS,<br>NICHOLE PALMER, and<br>JASON PALMER,<br>on behalf of themselves and<br>all others similarly situated,<br><br>                Plaintiffs,<br>vs.<br><br>Credit Management Services, Inc.,<br>Dana K. Fries,<br>Tessa Hermanson,<br>Jessica L. V. Piskorski,<br>Brady W. Keith, and<br>Michael J. Morledge,<br><br>                Defendants. | Case No. :  8:11-cv-436<br><br>**FIRST<br>AMENDED COMPLAINT<br>and<br>JURY DEMAND**<br><br>**(Class Action)** |

I.  **INTRODUCTION**

This is a consumer credit class action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA" or "Act") and the Nebraska Consumer Protection Act ("NCPA") Neb. Rev. Stat. § 59-1601 *et seq*.  Plaintiffs Laura Powers, Nichole Palmer and Jason Palmer, on behalf of themselves and all persons similarly situated, seek a declaratory judgment, injunctive relief, actual and statutory damages against the Defendant debt collectors Credit Management Services, Inc., Dana K. Fries, Tessa Hermanson, Jessica L. V. Piskorski, Brady W. Keith and Michael J. Morledge, arising from their routine practices of filing collection complaints which represent that Defendants sent demand more than 90 days prior to filing of the suit for the purpose of availing themselves of statutory attorney fees and/or interest when in fact Defendants do not send such notice and of sending certain standard discovery requests in county court collection cases to consumers, like the discovery sent to

1

Nebraska consumers including the Plaintiffs, which misrepresent the consumers' rights as to the discovery responses and seeks highly confidential financial information irrelevant to any issue in the county court collection case. The challenged discovery questions also mislead and deceive the unsophisticated consumer into believing such information must be provided in order to defend the collection lawsuit. Defendants actions violate 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(2)(B), § 1692e(9), § 1692e(10), § 1692f and § 1692f(1). Finally, Plaintiffs challenge Defendants' routine practices of attempting to collect any amounts for attorney fees or interest on their standard lawsuits stating a claim for "goods, services and/or labor" without meeting the statutory requirements. Plaintiffs also further allege that each of the challenged practices set forth herein also violate the NCPA.

## II.    JURISDICTION

1.    Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337. Jurisdiction over the supplemental state law claim arises under 28 U.S.C. § 1367.

2.    In personam jurisdiction exists and venue is proper as Defendant Credit Management Services, Inc., is a Nebraska Corporation which regularly does business in this district. The individual Defendants are Nebraska residents and the challenged practices occurred in this jurisdiction. Plaintiff is a resident of this district and the alleged violations occurred here. See 28 U.S.C. § 1391.

## III.    PARTIES

3.    Plaintiff Laura Powers ("Ms. Powers") is an adult individual residing in Omaha, Douglas County, Nebraska. At all times material hereto, Powers and each member of the class she seeks to represent are "consumers" as that term is contemplated in § 1692a of the Act.

2

4. Plaintiffs Nichole Palmer and Jason Palmer ("the Palmers") are adult individuals residing in Omaha, Douglas County, Nebraska. At all times material hereto, the Palmers and each member of the class they seek to represent are "consumers" as that term is contemplated in § 1692a of the Act.

5. Defendant Credit Management Services, Inc. ("CMS"), is a Nebraska corporation engaged in the business of collecting debts due or alleged to be due to others across the state of Nebraska, with its principal place of business in Grand Island, Nebraska. CMS is a "debt collector" as that term is contemplated in § 1692a(6) of the Act. CMS has direct involvement in the actions challenged in this lawsuit.

6. Defendants Dana K. Fries, Tessa Hermanson, Jessica L. V. Piskorski, and Brady W. Keith are attorneys for Defendant CMS and are themselves engaged in the business of collecting debts due or alleged to be due to others across the state of Nebraska. Each individual Defendant is a "debt collector" as that term is contemplated in § 1692a(6) of the Act. Each Defendant also has personal involvement in the actions challenged in this lawsuit.

7. Defendant Michael J. Morledge is the sole officer, director, president, vice-president, Secretary and Treasurer of Defendant Collection Bureau of Grand Island, Inc., is engaged in the day to day operations and is himself engaged in the business of collecting debts due or alleged to be due to others across the state of Nebraska. Michael J. Morledge is a "debt collector" as that term is contemplated in § 1692a(6) of the Act and also has personal involvement in the actions challenged in this lawsuit.

8. Defendants are all entities or individuals who contributed to or participated in, or authorized, and/or implemented the policies and procedures regarding the acts complained of or conspired with the named Defendants to commit the acts complained of which caused injuries to the Plaintiffs and the class. Each Defendant acted as principal and agent, each of the other, and combined and concurred each with the others in committing the acts complained of herein.

9. At all times relevant hereto, each of the defendants were, and are now, the agent, servant, employee and or/ other representative of the other Defendants and in doing the things herein alleged, were acting within the scope, purpose and authority of such agency, service, employment and/or other representative capacity with the permissions, knowledge, consent and ratification of the other Defendants.

## IV. FACTUAL ALLEGATIONS

**As to Laura Powers**

10. On or about July 12, 2011, Defendants filed their standard county court collection complaint against Plaintiff Laura Powers in an action entitled, "*Credit Management Services, Inc. v. Laura Powers,*" in the County Court of Douglas County, Nebraska, at case no. CI11-13471. The individual attorney Defendants appear as attorney of record in the county court case. A true and correct copy of said collection complaint is attached hereto as Exhibit A and incorporated herein by this reference.

11. In the Powers collection lawsuit, Defendants sought to collect on "goods, services and/or labor" in the amount of $454.00. Paragraph 4 of the collection complaint, (Exhibit A) reads:

> **"GIKK ORTHO SPECIALISTS provided goods, services and/or labor to Defendant(s) and/or family members of Defendant(s). The reasonable value or agreed amount of these services is $454.00 and**

**such is a liquidated amount."**

12. The alleged debt was incurred primarily for personal, family, or household purposes.

13. The Powers lawsuit also sought attorney fees, prejudgment interest as provided by law. The collection complaint states in paragraph 6: **"Plaintiff requests prejudgment interest of $224.48 from 4/25/2007 to 6/7/11, pursuant to Sec. 45-104 and accruing prejudgment interest and attorney fees, as allowable by law."**

14. Furthermore, Exhibit A states in pertinent part:

" **5…..More than 90 days have elapsed since the presentation of this claim."**

15. Defendants did not send Ms. Powers a demand or presentation of this claim prior to the filing of their collection lawsuit.

16. Powers filed an Answer in the County Court Collection lawsuit on or about September 9, 2011. On or about November 21, 2011, Powers filed an Amended Answer and Affirmative Defenses disputing the debt and indicating that the claim was outside the relevant statute of limitations.

17. Powers moved for Summary judgment in the underlying collection case based on the 4-year statute of limitations for the "goods, services and/or labor" cause of action and CMS opted to amend its complaint to change its cause of action to one on a written contract.

18. Defendants served their standard discovery upon Ms. Powers in the county court collection lawsuit. The individual attorney Defendants' names appear on the signature block on the discovery requests. The Discovery is not dated and did not include a Notice of Service that indicated the date served.

19. Attached hereto as Exhibit B and incorporated herein by this reference is a copy of said discovery consisting of one document containing Requests For Admissions, Interrogatories and

Requests For Production of Documents.

20. The separate introductory instructions Defendants provide at the beginning of each type of discovery are incomplete, do not fully comply with the law, and mislead an unsophisticated consumer.

21. Additionally, Defendants' standard county court collection Interrogatories (<u>Exhibit B</u>) asks the following:

> **3. Please state the full name(s) and address(es) of your present place(s) of employment, your length of tenure, the regularity with which you receive compensation, whether it is weekly, biweekly, monthly or other, and your present rate of compensation.**

22. Defendants' standard Requests for Production of Documents (<u>Exhibit B</u>) seeks the following information:

> **3. Please produce the three most recent tax returns filed by the Defendant.**
>
> **4. Please produce the three most recent payroll stubs from defendant's employment.**

23. These requests seek information not relevant to any issue in the county court lawsuit, (e.g. whether the consumer owes the debt). Defendants routinely seek this information from all consumers who file an answer in their county court collection case. The requests mislead unsophisticated consumers into believing they must produce the irrelevant highly sensitive financial information in order to defend the case.

24. That during the course of attempting to collect the alleged debt, Defendants also contacted Ms. Powers' place of employment and left her social security number on a company wide voice mail.

**As to The Palmers**

25.  On or about July 26, 2011, Defendants filed their standard county court collection complaint against Plaintiffs Nichole Palmer and Jason Palmer in an action entitled, "*Credit Management Services, Inc. v. Nichole Palmer and Jason Palmer,*" in the County Court of Douglas County, Nebraska, at case no. CI11-17317. All individual attorney Defendants appear as attorney of record in the county court case. A true and correct copy of said collection complaint is attached hereto as Exhibit C and is incorporated herein by this reference.

26.  In the Palmer collection lawsuit, Defendants sought to collect on three counts: the first count in paragraph 4 of the collection complaint, (Exhibit C) reads:

> "**PHYSICIANS OF OB/GYN-DR. BENJAMIN RYDER provided goods, services and/or labor to Defendant(s) and/or family members of Defendant(s). The reasonable value or agreed amount of these services is $24.51 and such amount is a liquidated amount.**"

27.  The second count set forth in paragraph 7 of the collection complaint, (Exhibit C) reads:

> "**PHYSICIANS OF OB/GYN-DR. MARY KRATOSKA provided goods, services and/or labor to Defendant(s) and/or family members of Defendant(s). The reasonable value or agreed amount of these services is $602.39 and such amount is a liquidated amount.**"

28.  The third count of the Palmer collection case set forth in paragraph 10, (Exhibit C) reads:

> "**PHYSICIANS OF OB/GYN-DR. NANCY HICKS provided goods, services and/or labor to Defendant(s) and/or family members of Defendant(s). The reasonable value or agreed amount of these services is $229.48 and such amount is a liquidated amount.**"

29.  Each of the alleged debts were incurred primarily for personal, family, or household purposes.

30. The Palmer collection lawsuit also sought statutory attorney fees pursuant to Neb.Rev.Stat. §25-1801, and accruing prejudgment interest. Paragraphs 6, 9, and 12 of the Palmer collection complaint seeks prejudgment interest "pursuant to Sec. 25 –1801 and accruing prejudgment interest and attorney fees, as allowable by law."

31. Furthermore, Exhibit C states in pertinent part:

" **5…..More than 90 days have elapsed since the presentation of this claim.**"

32. Defendants did not send the Palmers a demand or presentation of this claim prior to the filing of their collection lawsuit.

33. The Palmers filed an Answer in the County Court Collection lawsuit on or about August 31, 2011.

34. Defendants served their standard discovery upon the Palmers in the county court collection lawsuit. The individual Defendants' names appear on the signature block on the discovery requests. The Discovery is not dated and did not include a Notice of Service that would have indicated the date served.

35. Attached hereto as Exhibit D and incorporated herein by this reference is a copy of said discovery requests consisting of one document containing Requests For Admissions, Interrogatories and Requests For Production of Documents.

36. The Introductory instructions Defendants provide at the beginning of each type of discovery are incomplete, do not fully comply with the law, and mislead unsophisticated consumers.

37. Additionally, Defendants' standard county court collection Interrogatories (Exhibits D) sent to the Palmers asks the following:

**3. Please state the full name(s) and address(es) of your present**

8

> **place(s) of employment, your length of tenure, the regularity with which you receive compensation, whether it is weekly, biweekly, monthly or other, and your present rate of compensation.**

38. Defendants' standard Requests for Production of Documents sent to the Palmers (Exhibit D) seeks the following information:

> **3. Please produce the three most recent tax returns filed by the Defendant.**
>
> **4. Please produce the three most recent payroll stubs from defendant's employment.**

39. These requests seek information not relevant to any issue in the county court lawsuit, (e.g. whether the consumer owes the debt). Defendants routinely seek this information from all consumers who file an answer in their county court collection case. The requests mislead unsophisticated consumers into believing they must produce the irrelevant highly sensitive financial information in order to defend the case.

## V. DEFENDANTS' ROUTINE PRACTICES

40. It is Defendants' routine practice to file county court collection complaints in the form of Exhibits A and C which violate 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(2)(B), § 1692e(10), § 1692f and § 1692f(1) the FDCPA and the NCPA.

41. Defendants' routine practice is to send, or cause to be sent, certain standard discovery requests in the county court collection lawsuits in the form of Exhibit B and D (set forth in paragraphs 22, 23, 39, and 40) which violate 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(2)(B), § 1692e(9), § 1692e(10), § 1692f and § 1692f(1) of the FDCPA as well as the NCPA.

42. Defendants' standard collection complaint in the Powers and Palmer matters alleges

that the " [creditor] provided goods, services and/or labor to Defendant(s) and/or family members of Defendant(s). The reasonable value or agreed amount of these services is [    ] and such is a liquidated amount."

43. It is Defendants' policy and practice of to represent in the standard collection complaint (Exhibits A & C) that "more than 90 days have elapsed since the presentation of this claim" (Exhibits A & C ¶5) for the purpose of availing themselves of attorney's fees and interest pursuant Neb. Rev. Stat. § 25-1801, when in fact Defendants do not routinely send a "claim" to consumers prior to filing the county court collection lawsuits.

44. It is Defendants' routine practice to seek and collect sums in addition to principal, such attorney fees and/or interest, even though their standard collection complaints do not plead the mandatory language or meet the necessary requirements for being awarded either attorney fees or interest.

45  Defendants routine practices of collecting unauthorized charges violates the FDCPA by seeking and collecting amounts, including interest, fees and costs, which are not permitted by law in violation of 15 U.S.C. §1692f and 1692f(1).

46. Defendants routinely file and prosecute said collection lawsuits against consumers in Nebraska.

47. Defendants systematically characterize the consumer debts in their standard collection complaints as being for "goods, services and/or labor" in order to avail themselves of the benefits of Neb. Rev. Stat. §25-1801 and § 45-104, which include the collection of attorney fees interest and costs.

48. It is the routine policy and practice of Defendants to send discovery (Exhibits B& D) in which the instructions confuse and mislead the unsophisticated consumer as to his or her rights

in answering said discovery.

49. It is the Defendants' routine policy to ask Interrogatory and Request for Production questions demanding tax returns, tax information, paystubs, and other irrelevant and highly personal financial information from the consumer as part of defending the lawsuit.

## VI.   CLASS ALLEGATIONS

**FDCPA CLASS NO. 1**

50. This action is brought as a class action on behalf of a class defined as: (i) all persons with addresses in Nebraska (ii) to whom Defendants sent, or caused to be sent, a county court collection complaint in the form of Exhibit A or C or such a CMS collection lawsuit was pending or proceeding (iii) in an attempt to collect an alleged debt (iv) which, as shown by the nature of the alleged debt, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes (v)  during the period one year prior to the date of filing this action.

**FDCPA CLASS NO. 2**

51. This action is brought as a class action on behalf of a class defined as: (i) all persons with addresses in Nebraska (ii) to whom Defendants sent, or caused to be sent Discovery requests in the form of Exhibit B or D (iii) in an attempt to collect an alleged debt (iv) which, as shown by the nature of the alleged debt, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes  (v) during the period one year prior to the date of filing this action.

**NCPA CLASS NO. 1**

52. This action is brought as a class action on behalf of a class defined as: (i) all

persons with addresses in Nebraska (ii) to whom Defendants sent, or caused to be sent, a county court collection complaint in the form of Exhibit A or C or such a CMS collection lawsuit was pending or proceeding (iii) in an attempt to collect an alleged debt (iv) which, as shown by the nature of the alleged debt, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes (v) during the period four years prior to the date of filing this action.

**NCPA CLASS NO. 2**

53. This action is brought as a class action on behalf of a class defined as: (i) all persons with addresses in Nebraska (ii) to whom Defendants sent, or caused to be sent Discovery requests in the form of Exhibit B or D (iii) in an attempt to collect an alleged debt (iv) which, as shown by the nature of the alleged debt, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes (v) during the period four years prior to the date of filing this action.

54. On information and belief based on Defendants' use of form complaints and discovery requests, the class is so numerous that joinder of all members is impractical.

55. There are questions of law and fact common to the class, which common questions predominate over any issues involving only individual class members. The principal questions are whether Defendants' county court collection complaint in the form of Exhibit A or C and Defendants' standard discovery requests in the form of Exhibit B or D violate 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(2)(B), § 1692e(9), § 1692e(10), § 1692f and § 1692f(1).

56. Plaintiffs' claims are typical of the class members. All are based on the same facts and legal theories.

57. Plaintiffs will fairly and adequately represent the interests of the class members.

Plaintiffs retained counsel experienced in class actions and debt collection abuse cases.

58. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Individual cases are not economically feasible.

59. Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

>  (a) The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and

>  (b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

60. Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate. Defendants have acted in a uniform manner toward the class thereby making injunctive and declaratory relief appropriate.

61. Plaintiffs request the Court to certify a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## VII. COUNT I -- FAIR DEBT COLLECTION PRACTICES ACT

62. Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs.

63. Defendants' county court collection complaint in the form of Exhibit A & C and certain of the Defendants' standard discovery requests in the form of Exhibit B& D violate 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(2)(B), § 1692e(5), 1692e(9), § 1692e(10), § 1692f and § 1692f (1).

**WHEREFORE**, Plaintiffs pray that this Court certify the class and enter judgment for Plaintiffs and the class members against the Defendants:

> (a) Awarding actual damages, including disgorgement and refund of any amounts

collected as a result of collecting attorney fees and/or interest without following the statutory requirements, with interest;

 (b) Awarding statutory damages to the Plaintiffs and also to the class as provided by 15 U.S.C. §1692k(a)(2);

 (c) Awarding Plaintiffs and the class their costs and reasonable attorneys fees;

 (d) Declaring the challenged practices herein to be unlawful under the Act; and

 (e) Granting such other and further relief as may be deemed just and proper.

## VIII. COUNT II – CONSUMER PROTECTION ACT

64. Plaintiffs incorporate by reference the allegations contained above as if the same were here set forth at length.

65. Each Defendant is a "person" engaged in "Trade or Commerce" as those terms are contemplated in the Consumer Protection Act, Neb. Rev. Stat. § 59-1601.

66. Defendants' acts of misrepresenting that it sent a demand more than 90 days prior to the filing of the lawsuit for the purpose of obtaining attorney fees and sending certain routine discovery requests seeking objectionable and irrelevant information from consumers constitute unfair or deceptive acts or practices, in violation of Neb. Rev. Stat. § 59-1602. The collection of any amounts as a result of said acts also constitute unfair or deceptive acts or practices, in violation of Neb. Rev. Stat. § 59-1602.

67. These violations cause financial injury to the Plaintiffs and the Class and bringing this claim is in the public interest.

 WHEREFORE, Plaintiffs request that judgment be entered for themselves and the class against Defendants for:

  A. Statutory damages, pursuant to Neb. Rev. Stat. §59-1609;

      B.      Injunctive relief pursuant to the NCPA;

      C.      Declaratory relief that Defendants' practices violate the NCPA;

      D.      Costs and reasonable attorneys' fees pursuant to Neb. Rev. Stat. §59-1609;

      E.      Actual damages for Plaintiffs and the class; and

      F.      Such other and further relief as the court deems just and equitable.

## IX. JURY DEMAND

Plaintiffs demand a trial by jury of all claims so triable.

January 23, 2012

                Laura Powers, Nichole Palmer, and Jason Palmer, on behalf of themselves and all others similarly situated, Plaintiffs,

                By: /s/ Pamela A. Car
                    Pamela A. Car, #18770
                    William L. Reinbrecht, #20138
                    Car & Reinbrecht, P.C., LLO
                    8720 Frederick Street, Suite 105
                    Omaha, NE 68124
                    1 (402) 391-8484
                    Fax: 1 (402) 391-1103
                    E-mail: pacar@cox.net
                    ATTORNEYS FOR PLAINTIFF
                    AND THE PUTATIVE CLASS

### Certificate of Service

I hereby certify that on January 23, 2012 I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the following:

Michael Klutho
BASSFORD REMELE

33 South Sixth Street, Suite 3800
Minneapolis, MN 55402-3707

John M. Guthrie
233 S. 13th St. #1400
Lincoln, NE 68508

and I certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None


By: s/Pamela A. Car
    Pamela A. Car, #18770