IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAURA POWERS, on behalf of herself and all others similarly situated; NICHOLE PALMER, JASON PALMER, <br><br> Plaintiffs, <br><br> vs. <br><br> CREDIT MANAGEMENT SERVICES, INC., DANA K. FRIES, TESSA HERMANSON, JESSICA L. V. PISKORSKI, BRADY W. KEITH, MICHAEL J. MORLEDGE, <br><br> Defendants. | 8:11CV436 <br><br><br> **MEMORANDUM AND ORDER** |

This matter is before the court on defendants' motions to dismiss, Filing Nos. 32 and 34, and for sanctions, Filing No. 37. Plaintiffs allege various violations under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Nebraska Consumer Protection Act ("NCPA"), Neb. Rev. Stat. § 59-1601 *et seq.* Filing No. 17, First Amended Complaint. Plaintiffs Laura Powers, Nichole Palmer and Jason Palmer, on behalf of themselves and all persons similarly situated, seek a declaratory judgment, injunctive relief, and actual and statutory damages against the defendant debt collectors Credit Management Services, Inc., Dana K. Fries, Tessa Hermanson, Jessica L. V. Piskorski, Brady W. Keith and Michael J. Morledge. Plaintiffs contend that the defendants routinely file county court collection complaints and discovery requests that violate the FDCPA and the NCPA. *See* Filing No. 17, Exs. A and C. Plaintiffs further contend that the collection complaints and the discovery requests mislead the unsophisticated as to their rights under the law. *Id.*, Exs. A, B, C and D.

Defendant Credit Management Services, Inc. ("CMS") is a Nebraska corporation engaged in the business of collecting debts due or alleged to be due to others across the state of Nebraska, with its principal place of business in Grand Island, Nebraska. Defendants Dana K. Fries, Tessa Hermanson, Jessica L. V. Piskorski, and Brady W. Keith are attorneys for defendant CMS and are themselves allegedly engaged in the business of collecting debts. Defendant Michael J. Morledge is the sole officer, director, president, vice president, secretary and treasurer of Collection Bureau of Grand Island, Inc., is allegedly engaged in the day-to-day operations, and is himself engaged in the business of collecting debts. Filing No. 17, First Amended Complaint. Plaintiffs allege that Morledge is the owner of CMS, the president, secretary, treasurer, and registered agent of CMS. He maintains an office at CMS, and goes to the office a minimum of one week per year. Plaintiffs allege that Morledge has personal involvement in "the actions challenged in this lawsuit." Filing No. 17, at ¶ 3.

## SUMMARY OF THE FACTS

On July 12, 2011, the defendants filed what plaintiffs term as the "standard county court collection complaint" against plaintiff Laura Powers. Plaintiff Powers contends she did not receive a claim notice prior to the lawsuit. Following her answer, the defendants filed their "standard" discovery on the plaintiff. There were a number of requests, not related to the claim of whether Powers owed the debt, including requests for financial and employment information and for tax returns and payroll stubs. On July 26, 2011, the same events occurred with respect to both Jason and Nichole Palmer,

plaintiffs in this case. Plaintiffs argue that the discovery was not dated and did not include a notice of service that would show the date it was served.

Plaintiffs filed this complaint on December 18, 2011. Plaintiffs assert that the defendants (1) filed improperly pled complaints; (2) misrepresented presentation of the claim in the complaint; (3) failed to provide notice of applicable discovery deadlines; (4) provided incomplete and misleading introductory discovery instructions; and (5) requested irrelevant and confidential information in discovery requests. Plaintiffs also contend that each individual defendant is a debt collector as contemplated in § 1692a of the Act.

## LEGAL STANDARDS

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 n.3. (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully.).

*Twombly* is based on the principles that (1) the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions, and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at —, 129 U.S. at 1949-50. Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Id.* at —, 129 S. Ct. at 1950. Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* The court must find "enough factual matter (taken as true) to

suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly, 550 U.S. at 558*, 556; *Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 347 (2005)* (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged).

The FDCPA is designed to protect consumers from abusive debt collection practices and to protect ethical debt collectors from competitive disadvantage. 15 U.S.C. § 1692(e). It prohibits certain types of collection practices, such as the use or threat of violence, obscene language, publication of shame lists, and harassing or anonymous telephone calls. 15 U.S.C. § 1692d. The FDCPA also contains general prohibitions on "conduct the natural consequence of which is to harass, oppress, or abuse any person," the use of "any false, deceptive, or misleading representation or means," and any "unfair or unconscionable means to collect or attempt to collect a debt." 15 U.S.C. §§ 1692d, 1692e, 1692f. A successful plaintiff may recover actual damages, statutory damages, attorney fees, and costs. 15 U.S.C. 1692k(a); *Peters v. General Serv. Bureau, 277 F.3d 1051, 1054 (8th Cir. 2002)*. In evaluating whether a debt collection letter is false, misleading, or deceptive in violation of § 1692e, the letter must be viewed through the eyes of an unsophisticated consumer. *Id.* The unsophisticated consumer test is "designed to protect consumers of below average sophistication or intelligence," but also contains an "objective element of reasonableness," that "prevents liability for bizarre or idiosyncratic interpretations of collection notices. . . ." *Id.* (quoting *Gammon v. GC Servs. Ltd. P'ship, 27 F.3d 1254,*

1257 (7th Cir. 1994), and Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000)).

A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Attorneys and law firms are covered under the Act. *See* Crossley v. Lieberman, 868 F.2d 566, 569-70 (3d Cir. 1989) (noting that the Act was amended in 1986 to include attorney debt collectors). "[T]he Act applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." Heintz v. Jenkins, 514 U.S. 291, 299 (1995). Indeed, "attorney debt collectors warrant closer scrutiny." Campuzano- Burgos v. Midland Credit Mgmt., Inc., 550 F.3d 294, 301 (3d Cir. 2008); *see also* Crossley, 868 F.2d at 570 (stating that attorneys' abusive practices "are more egregious than those of lay collectors because a consumer reacts with far more duress to an attorney's improper threat of legal action than to a debt collection agency committing the same practice," and noting that "because a debt collection letter on an attorney's letterhead conveys authority and credibility, there is inherent intimidation in correspondence of that kind"). Debt collector lawyers make representations to debtors' attorneys or in debt collection pleadings in a wide variety of situations. Hemmingsen v. Messerli & Kramer, P.A., 674 F.3d 814, 819 (8th Cir. 2012). The diverse situations in which potential FDCPA claims may arise during the course of litigation counsel against anything other than a case-by-case

approach in applying the statute's prohibitions to attorneys engaged in litigation. *Id.* at 819.

The FDCPA does not limit liability to business entities or employers. *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 437 (6th Cir. 2008). Subjecting a member of a limited liability corporation to individual liability for violations of the FDCPA requires proof that the individual is a "debt collector," but does not require piercing of the corporate veil. *Id.* at 437-78; *cf. White v. Goodman*, 200 F.3d 1016, 1019 (7th Cir. 2000) (holding that the FDCPA "is not aimed at the shareholders of debt collectors operating in the corporate form unless some basis is shown for piercing the corporate veil"); *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir. 2000) (noting that shareholders "do not become 'debt collectors' simply by working for or owning stock in debt collection companies").

The Nebraska Consumer Protection Act provides that "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce shall be unlawful." *See Moore v. Eggers Consulting Co.*, 562 N.W.2d 534, 541 (1997). The NCPA expressly provides a private civil action to "any person who is injured in his person or property" by the violation of any provision of the Act. Neb. Rev. Stat. § 59-1609. The NCPA, like its FDCPA counterpart, is remedial consumer legislation which is to be liberally construed. *See Kuntzelman v. Avco Fin. Serv. of Neb., Inc.*, 291 N.W.2d 705, 707 (1980).

## ANALYSIS

### Motion to Dismiss of Defendants Credit Management Services, Inc., Dana K. Fries, Tessa Hermanson, Jessica L. V. Piskorski, Brady W. Keith , Filing No. 34.

The defendants move to dismiss on the basis that the amended complaint fails to state a cause of action upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs allege that the defendants violated the law by filing improperly pled collection complaints, and misrepresented that CMS sent them notice of the claim 90 days prior to the lawsuit; failed to give the plaintiffs notice of the discovery deadlines; provided incomplete and misleading discovery instructions; and requested irrelevant and confidential information.  Defendants argue that these are simply conclusory allegations.

Plaintiffs next argue that the information sought in discovery was improper, particularly with regard to salary and employment questions.  Further, the instructions, argue plaintiffs, do not comply with the Nebraska discovery rules regarding responses, place of inspection, and do not advise consumers of their rights.  Defendants disagree and argue they are in compliance with the Nebraska Civil Rules of Discovery 26(b)(1) and Procedure.  Plaintiffs also argue that it is the routine practice of the defendants to tell consumers 90 days have elapsed, when such claim is not routinely sent to the consumer, and it is the standard practice of the defendants to collect attorney fees and interest, even though the mandatory language is not pled in the complaint, in violation of Neb. Rev. Stat. § 25-1801[1] and § 45-104.  According to the plaintiffs, CMS never sent a

---

[1] §25-1801.  Claims of four thousand dollars or less; recovery, costs; interest; attorney's fees.

8

demand to them. Further, plaintiffs claim that defendants have illegally requested prejudgment interest without first complying with the Nebraska statutory requirements. Defendants argue that the claims in the federal court complaint are inadequately pled and assert there are no facts to support these claims.

The court has carefully reviewed the amended complaint. The court determines there are sufficient allegations, if taken as true, to state a cause of action against these defendants. The allegations in the amended complaint clearly state that the defendants are debt collectors under the FDCPA. The court is unable to draw the conclusion that the allegations are not sufficient as a matter of law. Allegations regarding defendants' failure to comply with the 90-day notice requirement, the alleged misrepresentations, and the allegedly improper discovery are sufficient to withstand a motion to dismiss.

### *Michael Morledge Motion to Dismiss, Filing No. 32*

Defendant Michael Morledge ("Morledge") moves this court to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that the complaint does not state a claim upon which relief can be granted and under 8(a)(2), as it does not contain a short statement of the facts showing the plaintiffs are entitled to relief. Morledge contends that there are no facts alleged against him and plaintiffs merely set forth legal conclusions. In the

---

Any person, partnership, limited liability company, association or corporation in this state having a claim which amounts to four thousand dollars or less against any person, … for (1) services rendered, (2) labor done . . . may present the same to such person …. If at the expiration of ninety days after the presentation of such claim, the same has not been paid or satisfied, … he, she, or it may institute suit thereon in the proper court. If he, she, or it establishes the claim and secures judgment thereon, he, she, or it shall be entitled to recover the full amount of such judgment and all costs of suit thereon, and, in addition thereto, interest on the amount of the claim at the rate of six percent per annum from the date of presentation thereof, and, if he, she, or it has an attorney employed in the case, an amount for attorney's fees as provided in this section.

alternative, Morledge alleges he is entitled to dismissal for the same reasons defendants Credit Management Services, Inc., Dana K. Fries, Tessa Hermanson, Jessica L. V. Piskorski, and Brady W. Keith seek dismissal in their separate motion to dismiss.

First, plaintiff alleges that Morledge violated the FDCPA and the NCPA because Morledge is the sole officer and director, president, secretary and treasurer of Collection Bureau of Grand Island, Inc. Morledge argues that this company is not a named defendant. Further, Morledge contends he does not represent this entity in any of the alleged capacities. Plaintiffs argue that this is untrue and that at all relevant times he was the president of CMS, the treasurer, the corporate officer, the only director, only shareholder, and he maintains an office at CMS. *See* Filing No. 50, Exs. 1, RFA13; Ex. 7, Request for Admissions ("RFA") 37; Ex. 1, RFA14; Ex. 7, RFA38; Ex. 1, RFA15; Ex. 7, RFA39; Ex. 7, RFA40; Ex. 1, RFA17; Ex. 7, FRA41; Ex. 6A, p.3; Ex. 1, FRA18; Ex. 7, FRA41; Ex. 1, RFA51; Ex. 7 RFA130; Ex. Y, RFA131; Ex. 7, RFA133; and Ex. 1, RFA53. He is also listed as a contact person with the Secretary of State from 2005 to 2011.

Second, plaintiffs contend that Morledge is engaged in the day-to-day operations of this business. Morledge contends that such facts are untrue. Plaintiffs claim that Morledge was personally involved with the bringing of the state lawsuit against the plaintiffs. Morledge claims he had no involvement with this lawsuit. *See* Filing No. 50, Ex. 1, question 53 where Morledge admits he was in the office more than 52 times in the last one year.

The court finds the plaintiffs have stated a claim against Morledge at this stage in the proceedings. The amended complaint clearly alleges personal debt collection practices by Morledge. It appears on the face of the complaint that Morledge is involved in the operation of CMS. The court finds that Morledge serves in all of the capacities alleged by the plaintiffs, as set forth in the public record exhibits attached to Filing No. 50, Ex. 6A. For these reasons and for the reasons previously discussed with reference to Filing No. 34, the court finds the motion to dismiss must be denied. If, however, after further discovery it becomes clear that the facts are otherwise, Morledge is free to file a motion for summary judgment.

### *Motions for Sanctions, Filing No. 37*

Defendant Morledge, through his attorney, moves for sanctions against the plaintiffs and their counsel pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927. As stated by the Eighth Circuit:

> Rule 11 provides a specific procedure to be followed when sanctions are considered. A district court may impose Rule 11 sanctions on its own initiative, but it must first enter an order describing the specific conduct that appears to violate Rule 11(b), and direct the attorney to show cause why he has not violated the rule. Fed. R. Civ. P. 11(c)(1)(B), *see also* *Fuqua Homes, Inc. v. Beattie*, 388 F.3d 618, 623 (8th Cir. 2004). Then, when imposing sanctions, the court is required to describe the conduct determined to constitute a violation of Rule 11, and explain the basis for the sanction chosen. Fed. R. Civ. P. 11(c)(3).

*Clark v. United Parcel Service, Inc.*, 460 F.3d 1004, 1009 (8th Cir. 2006). Further, the court has stated with regard to § 1927:

> Section 1927 warrants sanctions when an attorney's conduct "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Perkins v. Spivey*, 911 F.2d 22, 36 (8th Cir.

1990) (quotation omitted), cert. denied, 499 U.S. 920, 111 S. Ct. 1309, 113 L.Ed.2d 243 (1991).

Tenkku v. Normandy Bank, 348 F.3d 737, 743 (8th Cir. 2003).

Morledge contends that the plaintiffs failed to support the legal claims with a factual basis. First, Morledge contends he does not in any way represent CBGI as alleged by the plaintiffs and that he is not a debt collector. Second, Morledge alleges that it is incorrect that he is involved with the day-to-day operations or the collection litigation brought by CMS. Third, Morledge contends he has no personal involvement in the collection litigation as alleged by the plaintiffs. The only paragraph in the amended complaint aimed at Morledge, he argues, is paragraph 7, and nothing in that paragraph is true. Morledge indicates he has notified counsel for the plaintiffs of these deficiencies and counsel has not dismissed the claims against him. Thus, they likewise should be sanctioned.

Plaintiffs respond arguing that this motion is an example of the continued pattern of harassment by the defendants. Further, Rule 11 allows for discovery of the issues relating to sanctions, yet defendants filed the Rule 11 motion and at the same time filed a motion to stay discovery. Again, plaintiffs argue this shows bad faith on the part of the defendants. CMS also tried to halt discovery in the state court case, but County Court Judge McDermott overruled those motions. Plaintiffs further contend that Rule 11 is inappropriate under a fair debt claim, and the only appropriate remedy is under 15 U.S.C. § 1692k(a)(3), after the close of the trial if plaintiffs lose all issues. Finally, plaintiffs argue that defense counsel has stated only conclusory allegations not based in fact and lacking particularity.

The court agrees that this motion is premature. There is no showing at this stage in the proceedings that would indicate plaintiffs violated Rule 11. There are clearly factual disputes created by the allegations, and plaintiffs are entitled to pursue their discovery regarding the same. If at a later date following appropriate discovery the defendants feel a need to revisit this issue, they can file an appropriate motion at that time.

THEREFORE, IT IS ORDERED:

1. Morledge's motion to dismiss, Filing No. 32, is denied;
2. The motion to dismiss filed by the remaining defendants, Filing No. 34, is denied; and
3. The motion for sanctions, Filing No. 37, is denied.

Dated this 31st day of August, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge