## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAURA POWERS, NICHOLE PALMER, and JASON PALMER, on behalf of themselves and all others similarly situated, | 8:11CV436 |
| Plaintiffs, | ORDER |
| vs. | |
| CREDIT MANAGEMENT SERVICES, INC., DANA K. FRIES, JESSICA L. V. PISKORSKI, BRADY W. KEITH, MICHAEL J. MORLEDGE, and TESSA HERMANSON, | |
| Defendants. | |

This matter is before the court on the plaintiffs' Motion to Compel and to Supplement the Record (Filing No. 96).  The plaintiffs filed indices of evidence (Filing Nos. 97 and 98) in support of the motion.  The defendants filed a brief (Filing No. 99) and an index of evidence (Filing No. 100) in opposition to motion.  The plaintiffs did not file a reply.

### BACKGROUND

The plaintiffs, Laura Powers (Powers), Nichole Palmer, and Jason Palmer (Palmers), received collection complaints and discovery requests from the defendant, Credit Management Services, Inc. (CMS).  Dana K. Fries (Fries), Tessa Hermanson (Hermanson), Jessica L. V. Piskorski (Piskorski), and Brady W. Keith (Keith) are in-house attorneys for CMS.  See Filing No. 17 - Amended Complaint ¶ 6.  Micheal J. Morledge (Morledge) is the owner of CMS.  Id. ¶ 7.  Powers filed the instant action on December 18, 2011.  See Filing No. 1 - Complaint.  On January 23, 2012, the plaintiffs filed an amended complaint alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (FDCPA) and Nebraska's Consumer Protection Act, Neb. Rev. Stat. §§ 59-1601 to 59-1623 (NCPA) for the defendants' routine practices of filing collection complaints which represent that the defendants sought collection of the alleged debt more than ninety days prior to filing the state court action when in fact the defendants did not seek collection, sending standard discovery requests which mislead

and deceive consumers, and attempting to collect attorney fees or interest without meeting the statutory requirements.  **See** Filing No. 17 - Amended Complaint.  The plaintiffs seek actual and statutory damages for the plaintiffs and each putative class member, costs, reasonable attorneys' fees, and declaratory and injunctive relief.  **Id.** at 14-15.

During discovery, the plaintiffs requested the defendants' net-worth information. **See** Filing No. 96 - Motion p. 1-2.  The defendants objected because the plaintiffs' request for net-worth information "seeks confidential information . . . [and] in any event, unless there is class certification [the defendants' net-worth information] is premature." **Id.** at 2.  However, even though the defendants objected to the plaintiffs' request for net-worth information, the defendants designated Sherri Bergholz (Bergholz) to testify as to CMS's net worth.  **Id.** at 2-3.  At Bergholz's deposition, Bergholz testified as to CMS's net-worth only according to information an accountant provided Bergholz.  **Id.** at 3-4. Bergholz testified she did not know CMS's assets or liabilities.  **Id.**  Subsequently, in opposition to the plaintiffs' motion for class certification, the defendants provided David J. Faimon's (Faimon) affidavit and report summarizing the defendants' net-worth.  **See** Filing Nos. 89-6 - Affidavit; 91 - Net-worth Report.  The defendants also provided supplemental responses to the plaintiffs' discovery requests.  **See** Filing No. 98-3 - Supplemental Responses.  The defendants' supplemental responses to the plaintiffs' requests for admission, production of documents, and interrogatories generally referred to Faimon's affidavit and report.  **Id.**

## ANALYSIS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . [or] appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  "Broad discovery is an important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'"  ***WWP, Inc. v. Wounded Warriors Family Support, Inc.***, 628 F.3d 1032, 1039 (8th Cir. 2011) (alteration in original) (**quoting** Fed. R. Civ. P. 26(b)(1)).  Relevant means "any matter that bears on, or that reasonably could lead to

other matter that could bear on, any issue that is or may be in the case." ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351 (1978). Rule 26 "vests the district court with discretion to limit discovery." ***Roberts v. Shawnee Mission Ford, Inc.***, 352 F.3d 358, 361 (8th Cir. 2003).

The plaintiffs argue the defendants systematically stonewalled the plaintiffs in obtaining any net-worth information; however, at the last minute, after the plaintiffs filed the motion for class certification, the defendants filed Faimon's unverified affidavit and report summarizing the defendants' net-worth. **See** Filing No. 96 - Motion p. 4. The plaintiffs argue Faimon was not disclosed as an individual with relevant information in the defendants Rule 26 disclosures. ***Id.*** at 1. The plaintiffs also argue the defendants' Rule 30(b)(6) witness, Bergholz, who was designated to testify as to CMS's net-worth, did not have knowledge of its net-worth. ***Id.*** at 2-4. The plaintiffs request the court to order the defendants to: 1) fully supplement the plaintiffs' discovery requests regarding the defendants' net-worth, 2) produce a Rule 30(b)(6) witness to testify as to CMS's net-worth, 3) compel each defendant to answer deposition questions pertaining to net-worth, and 4) allow the plaintiffs to supplement the record as to their challenge to the defendants' net-worth. ***Id.*** at 1. The plaintiffs request the defendants bear the costs of the additional discovery and depositions. ***Id.***

The defendants argue the plaintiffs' motion should be denied for two reasons. **See** Filing No. 99 - Response p. 1. First, the defendants argue the plaintiffs have not attempted to meet and confer pursuant to NECivR 7.1(i) to resolve the issue. ***Id.*** at 1-4. Second, the defendants argue discovery of the defendants' net-worth is premature while the issue of class certification is pending. ***Id.*** at 1. Additionally, the defendants argue the plaintiffs' motion is moot because the defendants provided basic information regarding the defendants' net-worth appropriate for this stage of the litigation. ***Id.*** at 4. The defendants also argue a particular individual's annual salary or CMS's revenue is not part of a net-worth calculation and therefore irrelevant. ***Id.*** at 5. Lastly, the defendants argue it would be inefficient and unnecessary for the plaintiffs to conduct additional depositions or more detailed discovery regarding Morledge's and Keith's net-worth prior to a ruling on their pending summary judgment motion. ***Id.*** at 5-6.

1.     **Meet and Confer**

The Local Rules state:

> To curtail undue delay in the administration of justice, this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord. This showing must also state the date, time, and place of the communications and the names of all participating persons. "Personal consultation" means person-to-person conversation, either in person or on the telephone. An exchange of letters, faxes, voice mail messages, or emails is also personal consultation for purposes of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the nonmoving party.

**See** NECivR 7.1(i). The Federal Rules of Civil Procedure also require good faith efforts by the moving party to resolve the dispute, prior to filing a motion to compel or for protective order, the absence of which precludes the issuance of an award of expenses. **See** Fed. R. Civ. P. 37(a)(5).

In the plaintiffs' first set of discovery requests, the plaintiffs requested the defendants' net-worth information. **See** Filing No. 96 - Motion p. 1-3. The defendants refused to produce net-worth information on the bases the information is confidential and premature. **Id.** Additionally, during depositions, the defendants objected to the plaintiffs' questions seeking net-worth information. **See** Filing Nos. 97-3 Hermanson Depo. p. 37-38; 97-6 - Fries Depo. p. 56-57; 97-7 - Keith Depo. p. 17; 97-10 - Morledge Depo. p. 60-61. After the defendants produced Faimon's affidavit and report in opposition to the plaintiffs' motion for class certification, on February 18, 2013, the plaintiffs wrote a letter and requested the defendants to supplement their discovery responses regarding the defendants' net-worth. **See** Filing No. 96 - Motion p. 2. The plaintiffs received Faimon's affidavit and report but did not receive full supplemental responses to the plaintiffs' discovery requests. **Id.** Although the plaintiffs do not detail their discussions with the defendants, the plaintiffs attempted to obtain the defendants' net-worth information and the defendants objected on numerous occasions. The defendants argue the plaintiffs have not met and conferred to discuss disclosing the disputed discovery; however, it appears the defendants would not produce the

discovery until the motions for class certification and summary judgment are resolved, as re-stated in the defendants' brief in opposition to this motion. Thus, the plaintiffs filed the instant motion. NECivR 7.1(i) does not require the plaintiffs to constantly request the disputed discovery only to be rebuffed with the response the discovery is confidential and premature. Under the circumstances, NECivR 7.1(i) does not require dismissal of the plaintiffs' motion.

### 2.    Net-Worth Information

The defendants initially opposed production of the defendants' net-worth information on the bases that the information is premature while class certification is pending and confidential. Merely because documents may contain confidential information does not foreclose disclosure, confidentiality does not equate to privilege. **See *Fed. Open Mkt. Comm. v. Merrill***, 443 U.S. 340, 362 (1979). "Although information is not shielded from discovery on the sole basis that the information is confidential, a party may request the court enter a protective order pursuant to Fed. R. Civ. P. 26(c) as a means to protect such confidential information." ***Horizon Holdings, LLC v. Genmar Holdings, Inc.***, 209 F.R.D. 208, 213-14 (D. Kan. 2002). Discovery in this case is already subject to a protective order. **See** Filing No. 58 - Protective Order. The parties are prevented from disclosing confidential documents. Therefore, the defendants' objection the information is confidential is not a basis to oppose disclosing the defendants' net-worth information to the plaintiffs.

With regard to the defendants' response the information is premature, presumably the defendants' object to production based on relevance only due to timing. However, the defendants made no motion for a protective order as to timing. **See** Fed. R. Civ. P. 26(c). The defendants raised the issue of their net-worth as part of their opposition to the plaintiffs' motion for class certification and thereby placed the defendants' net-worth in issue at this time. The defendants' production of the net-worth information waived any objection the information is irrelevant. The defendants' net-worth is relevant to the class action. Therefore, the plaintiffs shall have an opportunity to review and challenge the defendants' net-worth information.

The defendants provided supplemental responses to the plaintiffs' discovery requests. The supplemental responses referenced Faimon's affidavit and report. Although the defendants produced Faimon's net-worth conclusions, the affidavit and report provide no supporting documentation to verify the net-worth calculations. Thus, the defendants are ordered to supplement the defendants' responses with relevant documentation used to calculate the defendants' net worth. If further depositions are required to discover net-worth information, the individual defendants shall be made available for depositions. Additionally, CMS shall designate a Rule 30(b)(6) witness with knowledge of CMS's net-worth, the calculations used to determine CMS's net-worth, and the underlying data.

3. **Costs**

The plaintiffs request the defendants bear the costs of the additional discovery and depositions. **See** Filing No. 96 - Motion p. 1. The Federal Rules of Civil Procedure provide:

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A).

The defendants continuously refused to produce the defendants' net-worth information, without apparent legally supported objections. However, after refusing the plaintiffs' discovery requests, the defendants submitted an affidavit and report summarizing the defendants' net-worth in opposition to the plaintiffs' motion for class certification. The plaintiffs had no opportunity to review or challenge the defendants' net-worth information. The court shall, after the defendants have a chance to respond, grant the plaintiffs' reasonable expenses for filing the motion to compel and costs associated with additional discovery unless the defendants show substantial and legal justification for refusing to produce the defendants' net-worth information but ultimately relying on such information to oppose the plaintiffs' motion for class certification.

**IT IS ORDERED**:

1.      The plaintiffs' Motion to Compel and to Supplement the Record (Filing No. 96) is granted.

2.      The defendants have until **April 3, 2013**, to show cause why sanctions, including the award of attorney's fees under Fed. R. Civ. P. 37(a)(5)(A), should not be imposed.


**ADMONITION**

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection.  The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.


Dated this 20th day of March, 2013.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge