IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAURA POWERS, NICHOLE PALMER, and JASON PALMER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CREDIT MANAGEMENT SERVICES, INC., DANA K. FRIES, JESSICA L. V. PISKORSKI, BRADY W. KEITH, MICHAEL J. MORLEDGE, and TESSA HERMANSON,<br><br>Defendants. | 8:11CV436<br><br>ORDER |

This matter is before the undersigned magistrate judge on the defendants' response (Filing No. 113) to the court's order to show cause (Filing No. 106). On March 20, 2013, the undersigned magistrate judge entered an order requiring the defendants to show cause why sanctions under Fed. R. Civ. P. 37(a)(5)(A), should not be imposed due to the defendants' use of information, which was previously withheld during discovery, in opposition of the plaintiffs' motion for class certification. **See** Filing No. 106. On April 2, 2013, the defendants filed a brief responding to the show cause order. **See** Filing No. 113 - Brief. The plaintiffs filed a response in opposition to the defendants' brief. **See** Filing No. 118 - Response. The defendants filed a reply. **See** Filing No. 121 - Reply.

## BACKGROUND

The plaintiffs, Laura Powers (Powers), Nichole Palmer, and Jason Palmer, received collection complaints and discovery requests from the defendant, Credit Management Services, Inc. (CMS). Dana K. Fries, Tessa Hermanson, Jessica L. V. Piskorski, and Brady W. Keith are in-house attorneys for CMS. **See** Filing No. 17 - Amended Complaint ¶ 6. Micheal J. Morledge is the owner of CMS. *Id.* ¶ 7. Powers filed the instant action on December 18, 2011. **See** Filing No. 1 - Complaint. On January 23, 2012, the plaintiffs filed an amended complaint alleging violations of the

Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* and Nebraska's Consumer Protection Act, Neb. Rev. Stat. §§ 59-1601 to 59-1623. **See** Filing No. 17 - Amended Complaint. The plaintiffs seek actual and statutory damages for the plaintiffs and each putative class member, costs, reasonable attorneys' fees, and declaratory and injunctive relief. *Id.* at 14-15.

During discovery, the plaintiffs requested the defendants' net-worth information. **See** Filing No. 96 - Motion to Compel p. 1-2. The defendants objected stating the plaintiffs' request for net-worth information "seeks confidential information . . . [and] in any event, unless there is class certification [the defendants' net-worth information] is premature." *Id.* at 2. However, even though the defendants objected to the plaintiffs' request for net-worth information, the defendants designated Sherri Bergholz (Bergholz) to testify as to CMS's net worth. *Id.* at 2-3. At Bergholz's deposition, she testified as to CMS's net-worth only according to information an accountant provided her. *Id.* at 3-4. Bergholz testified she did not know CMS's assets or liabilities. *Id.* Subsequently, in opposition to the plaintiffs' motion for class certification, the defendants provided David J. Faimon's (Faimon) affidavit and report summarizing the defendants' net-worth. **See** Filing Nos. 89-6 – Aff.t; 91 - Net-worth Report. The defendants also provided supplemental responses to the plaintiffs' discovery requests. **See** Filing No. 98-3 - Supplemental Responses. The defendants' supplemental responses to the plaintiffs' requests for admission, production of documents, and interrogatories generally referred to Faimon's affidavit and report. *Id.*

On February 25, 2013, the plaintiffs filed a motion to compel the defendants to supplement the defendants' net-worth information. **See** Filing No. 96 - Motion to Compel. On March 20, 2013, this court granted the plaintiffs' motion. **See** Filing No. 106 - Order. This court gave the defendants an opportunity to show cause why sanctions should not be imposed. *Id.*

In response to the order to show cause, the defendants argue it was unnecessary to conduct detailed discovery regarding the defendants' net-worth prior to class certification when net-worth is not relevant to certification as determined in prior cases in this district. **See** Filing No. 113 - Brief p. 2, 8 (**citing *Harris v. D. Scott Carruthers & Assoc.*,** 270 F.R.D. 446, 454-56 (D. Neb. 2010) (concluding defendants'

2

negative net-worth does not defeat finding class certification is appropriate)). The defendants argue their net-worth, even if negative, is not a basis to deny class certification. *Id.* Therefore, the defendants objected to production of financial information as premature. *Id.* However, the defendants state they relented and disclosed basic net-worth information after the plaintiffs alleged the defendants were hiding information regarding the defendants' finances or being untruthful in their opposition to the defendants' motion for summary judgment and in support of the plaintiffs' motion for class certification. *Id.* at 4-5. The defendants state Faimon began assembling the net-worth information in January 2013 and was unable to complete a draft until just prior to the defendants' deadline to respond to the motion for class certification. *Id.* at 5-6.

The defendants state after presenting Faimon's report, the defendants, at the plaintiffs' request, made Faimon and the defendants available for depositions. *Id.* at 6. The defendants state they are willing to produce the defendants' tax returns. *Id.* at 7. Additionally, the defendants offered to pay court reporter costs for supplementary depositions concerning the defendants net-worth. *Id.* at 8. Lastly, the defendants offered to pay Faimon's costs for preparing and appearing for a deposition. *Id.*

The plaintiffs argue the court should impose sanctions because the defendants stonewalled the plaintiffs in obtaining any net-worth information; however, at the last minute, the defendants filed Faimon's unverified affidavit and report summarizing the defendants' net-worth. **See** Filing No. 118 - Response p. 5. The plaintiffs argue the defendants' objection that the net-worth information was confidential was disingenuous and in bad faith because a confidentiality agreement was in effect. *Id.* at 4-5. The plaintiffs argue the defendants tax returns expose Bergholz's testimony and Faimon's report as falsely "low balling" the defendants' net worth. *Id.* at 9-11. For these reasons, the plaintiffs request sanctions against the defendants for their failure to produce discovery. *Id.*

Additionally, after the court entered the order on the plaintiffs' compel motion, the plaintiffs sent a letter to the defendants on March 29, 2013, listing materials needed on the issue of net-worth. **See** Filing No. Filing No. 119-2 - March 29, 2013, Letter. The plaintiffs requested audited financial statements, tax returns, and various other financial

related statements.  *Id.*  The plaintiffs also requested the defendants to bear the costs of retaking a deposition of the defendants' Rule 30(b)(6) witness.  *Id.*  Lastly, the plaintiffs requested the defendants reimburse the plaintiffs $2130, which represents the costs the plaintiffs incurred in filing the motion to compel.  *Id.*  The plaintiffs state they received some net-worth information but have not received wage and audited financial statements.  See Filing No. 118 - Response p. 2.  The plaintiffs represent the defendants refuse to pay the plaintiffs' fees.  *Id.*

The defendants represent they provided documents in response to the plaintiffs' March 29, 2013, letter and additional requests with the exception of audited statements because such statements do not exist.  See Filing No. 121 - Reply p. 2.  The defendants state they did not refuse to pay any monetary sanction, but instead suggested a resolution mutually acceptable to both parties during an April 16, 2013, phone call.  *Id.*  The defendants state they produced financial information over and above what the defendants considered relevant net-worth information and agreed to pay court reporter fees.  *Id.* at 3.  The defendants state they are willing to file the produced financial records under seal to provide the court with further evidence of the defendants' cooperation.  *Id.* at 5.

## ANALYSIS

The Federal Rules of Civil Procedure provide:

> If the motion [to compel discovery] is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A).  "[A] district court [has] wide discretion to impose sanctions for a party's failure to comply with discovery requests[.]"  **United States v. Big D Enterprises, Inc.**, 184 F.3d 924, 936 (8th Cir. 1999).  "Rule 37 sanctions must be applied diligently[.]"  **Comiskey v. JFTJ Corp.**, 989 F.2d 1007, 1012 (8th Cir. 1993).  "The award of expenses is mandatory unless the court finds . . . the responding party's refusal to respond was substantially justified, or other circumstances make an award of

4

expenses unjust." ***Murphy v. Kmart Corp.***, 259 F.R.D. 421, 432 (D. S.D. 2009). "[A] party may not avoid sanctions merely by producing the documents after a motion has been filed. To allow a party to avoid sanctions by such a contrivance would defeat the purpose of the rules, which is to promote voluntary discovery without the need for motion practice." ***Illinois Tool Works, Inc. v. Metro Mark Prods., Ltd.***, 43 F.Supp.2d 951, 960 (N.D. Ill. 1999). "[U]ltimate production of the material in question does not absolve a party where it has failed to produce the material in a timely fashion." ***Id.***

The defendants opposed production of net-worth information on the bases the information was confidential and premature while class certification was pending. As previously explained in this court's March 20, 2013, Order, these objections were invalid. **See** Filing No. 106. Discovery in this case is already subject to a protective order and the defendants did not file a motion for a protective order as to timing. Although ***Harris***, the case the defendants cited in response to the show cause order, may have provided a basis for the defendants to move to delay production of net-worth information, the defendants failed to do so, causing the plaintiffs to file a motion to compel. The Federal Rules of Civil Procedure require the defendants to produce nonprivileged, relevant information in a timely fashion or withhold production based on legally sound objections. The defendants fail to show substantial justification for withholding the net-worth information or even producing it at a later time despite their objections; therefore, the court finds sanctions are appropriate and the plaintiffs should be awarded the costs incurred in filing the motion to compel.

The defendants represent they conferred with counsel and are willing to move forward with discovery to the extent necessary to determine the defendants' net-worth. Further, the defendants offered to supplement their discovery responses and pay some of the costs associated with additional depositions. Accordingly,

**IT IS ORDERED**:

1. The plaintiffs are awarded reasonable costs and attorney's fees in filing the Motion to Compel (Filing No. 96).

2. Counsel for the parties shall confer on a reasonable amount to be awarded and, if there is agreement, shall file on or before **May 20, 2013**, a stipulation of

the costs and fees to be awarded. In the event the parties fail to reach an agreement, the plaintiffs may file on or before **May 24, 2013**, an application for the award of the costs and fees accompanied by an affidavit of such costs and fees, pursuant to Civil Rules of the United States District Court for the District of Nebraska 54.3 and 54.4. The defendants shall have until on or before **May 31, 2013**, to respond to the plaintiffs' application. Thereafter, the issue of costs and sanctions will be deemed submitted and a written order entered.

      3.    If the plaintiffs require additional depositions concerning the defendants' net-worth, the defendants shall pay the court reporter costs and Faimon's fees as the defendants offered.

      4.    The defendants shall produce all documents, not already produced and to the extent such documents exist, requested in the March 29, 2013 ([Filing No. 119-2](#)), letter by **May 17, 2013**.

Dated this 9th day of May, 2013.

BY THE COURT:

 s/ Thomas D. Thalken  
United States Magistrate Judge