IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAURA POWERS, on behalf of herself and all others similarly situated; NICHOLE PALMER; and JASON PALMER;<br><br>  Plaintiffs,<br><br>  v.<br><br>CREDIT MANAGEMENT SERVICES, INC.; DANA K. FRIES; JESSICA L. V. PISKORSKI; BRADY W. KEITH; MICHAEL J. MORLEDGE; and TESSA HERMANSON;<br><br>  Defendants. | 8:11CV436<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the plaintiff's unopposed motion for class certification and for preliminary approval of class action settlement (Filing No. 205). This is an action for damages and injunctive relief under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*., and the Nebraska Consumer Protection Act (NCPA), Neb. Rev. Stat. § 59-1601 *et seq.*

The plaintiffs allege the defendants violated the FDCPA and NCPA by filing and serving certain collection complaints and discovery requests on consumers in Nebraska. This Court's initial certification of classes was reversed by the United States Court of Appeals for the Eighth Circuit and the action was remanded for further proceedings (Filing Nos. 169, 170, 171). Thereafter, the plaintiffs withdrew the discovery-based claims and filed a second motion to certify, which was granted on February 2, 2016 (Filing No. 187, Memorandum and Order at 24-25). *See Powers v. Credit Mgmt. Servs., Inc*., 313 F.R.D. 103 (D. Neb. 2016). The Court also granted the plaintiffs' motion for a partial summary judgment on liability (Filing No. 186, Memorandum and Order at 27-32). *See Powers v. Credit Mgmt. Servs., Inc*., 2016 WL 612251 (D. Neb. February 2, 2016). The defendants filed for leave to file an interlocutory appeal of the second

certification order, but leave was denied by the Eighth Circuit (Filing Nos. 191, 194, 195). At the parties' request, United States Magistrate Judge Thalken held a settlement conference on April 13, 2016, resulting in this settlement (Filing Nos. 198, 199).

## I.  CLASS ACTION

Under the Federal Rules of Civil Procedure, "one or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a); *see Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997) (describing requirements as (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation). "In order to obtain class certification, a plaintiff has the burden of showing that the class should be certified and that the requirements of Rule 23 are met." *Coleman v. Watt*, 40 F.3d 255, 258-59 (8th Cir. 1994).

For the purposes of settlement, the parties agree to certification of the following class:

> (i) All persons with addresses in Nebraska upon whom Defendants served county court collection complaint in the form of Exhibit C after January 1, 2008, for purposes of the NCPA, and after December 18, 2010, for purposes of the FDCPA (ii) which sought to recover attorneys' fees, prejudgment interest, and costs, pursuant to Neb. Rev. Stat. § 25-1801 (iii) where CMS did not personally provide the ninety-day presentation of the claim (iv) in an attempt to collect an alleged debt which, as shown by the nature of the alleged debt, defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes. (The Neb. Rev. Stat. § 25-1801 Class)
>
> AND

> (i) All persons with addresses in Nebraska upon whom Defendants served a county court collection complaint in the form of Exhibit A after January 1, 2008, for purposes of the NCPA, and after December 18, 2010, for purposes of the FDCPA (ii) which sought to recover prejudgment interest pursuant to Neb. Rev. Stat. § 45-104 (iii) in an attempt to collect an alleged debt which, as shown by the nature of the alleged debt, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes. (The Neb. Rev. Stat. § 45-104 Class).

(Filing No. 207-1, Index of Evid., Class Action Settlement Agreement; Filing No. 187, Memorandum and Order at 3-4, 25). The Court previously certified the above class (Filing No. 187, Memorandum and Order at 25). The Court found the plaintiffs' proposed class satisfied the Fed. R. Civ. P. 23 requirements and class certification was appropriate (*Id.* at 21-25). For the reasons stated in the Court's earlier order, the Court finds that class certification for purposes of settlement is also appropriate (*See id.* at 21-24).

## II.   PRELIMINARY APPROVAL OF SETTLEMENT

### A.   Law

In considering preliminary approval, the Court makes a preliminary evaluation of the fairness of the settlement, prior to notice. Manual of Complex Litigation (Fourth) § 21.632 (2010); *see also* Fed. R. Civ. P. 23(e). First, the Court must make a preliminary determination of the fairness, reasonableness and adequacy of the settlement terms and must direct the preparation of notice of the proposed settlement and the date of the fairness hearing. *Id.* After an agreement is preliminarily approved, the second step of the process ensues: notice is given to the class members of a hearing, at which time class members and the settling parties may be heard with respect to final court approval. *Id.*

A district court is required to consider four factors in making a final determination that a settlement is fair, reasonable, and adequate: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to

3

the settlement. *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 931 (8th Cir. 2005). A court may also consider procedural fairness to ensure the settlement is "not the product of fraud or collusion." *Id.* at 934. The experience and opinion of counsel on both sides may be considered, as well as whether a settlement resulted from arm's length negotiations, and whether a skilled mediator was involved. *See DeBoer*, 64 F.3d at 1178. A court may also consider the settlement's timing, including whether discovery proceeded to the point where all parties were fully aware of the merits. *See City P'ship Co. v. Atl. Acquisition Ltd. P'ship*, 100 F.3d 1041, 1043 (1st Cir. 1996).

The notice of a class action settlement "need only satisfy the 'broad "reasonableness" standards imposed by due process.'" *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1154 (8th Cir. 1999) (quoting *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 123 (8th Cir. 1975)). It is adequate if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). To satisfy due process, the notice must reflect a desire to actually inform. *Mullane*, 339 U.S. at 315. The notice plan should take reasonable steps to update addresses before mailing and provide for re-mailing of notices to better addresses when returned as undeliverable. *See Jones v. Flowers*, 547 U.S. 220, 226-27 (2006).

### B. Discussion

The Court has reviewed the proposed Class Settlement Agreement (Filing No. 207-1, Index of Evid., Ex. 1, Class Settlement Agreement). The Class Settlement Agreement provides that the defendants pay into a Settlement Fund a total of $198,000 as the total settlement amount pursuant to the FDCPA and NCPA,[1] to be distributed equally

---

[1] This total amount represents the sum of $58,000.00 for payment of FDCPA claims and $140,000.00 for payment of NCPA claims (Filing No. 206, Plaintiffs' Brief at 2).

4

to the Class members who submitted a timely and proper claim form and, if necessary, the *cy pres* recipients. In the Class Settlement Agreement, the plaintiffs acknowledge receipt and review of the named defendants' net worth documentation and state that the FDCPA settlement amount reflects the maximum amount of FDCPA statutory damages available.[2]

The Class Settlement Agreement provides that settlement class members who have not requested exclusion, and who have submitted timely claims, will be sent a pro rata share of the Settlement and that any undistributed funds will be distributed as a *cy pres* distribution, split equally between the National Consumer Law Center and National Association of Consumer Advocates. The parties also submit a proposed detailed website notice that provides "[t]he amount of individual settlement checks will depend on how many of the persons who are members of the combined classes submit timely claims, but given the size of the class, individual recovery is anticipated to be less than $20" (Filing No. 207-4, Index of Evid., Ex. 1B(b), Website Notice at 3). Importantly, defendant CMS agrees that "going forward that it will no longer use complaints in the same precise form of Exhibits A and C to the Amended Complaint." The parties agree that the settlement is to be considered a private settlement agreement and not a consent decree.

The Class Settlement Agreement further provides that the plaintiffs will ask the Court for an award of statutory damages and representative fees for the Class representatives in the amount of $7,000.00 for each representative, and the defendants agree not to oppose such a request (*Id.* at 10). Defendant CMS also agrees to pay plaintiffs' counsels' costs, litigation expenses, and reasonable attorney fees in such

---

[2] Class members' recovery is limited to the lesser of 1% of the net worth of the debt collector or $500,000.00 under 15 U.S.C. § 1692k(a)(2)(B)(ii).

amount that the Court may approve, up to $315,000, in addition to and separate from any amounts to be paid to Class.[3]

The parties also agree that CMS will pay all costs associated with notice and administration of the settlement. Under the agreement, the defendants will work with the third party administrator, identified as First Class, Inc., to provide postcard notice—in the form attached to the Class Settlement Agreement—to the class members within forty-five days of the date of the Preliminary Approval Order. The Class Settlement Agreement provides that, on final approval, the plaintiffs and class members will release all present and future claims based in whole or in part on, arising out of, or related in any way to the violations or alleged violations of the FDCPA and NCPA in this case (*Id.* at 10).

The Class Settlement Agreement provides that the Court's preliminary approval order will include certain provisions, and the parties submit a proposed preliminary order to that effect (Filing Nos. 207-2, Index of Evid., Ex. 1A; Fukung Ni, 207-4, Index of Evid., EWx. 1B). Those provisions have been incorporated, in substance, into either this Memorandum and Order or the Court's preliminary approval order.[4]

The parties also acknowledge that the settlement of this action may be subject to the requirements of 28 U.S.C. §1332(d)(1), (2), and (5), commonly known as the "Class

---

[3]The parties' proposed detailed website notice explains:

> Class Counsel will ask the Court for legal fees and costs in the amount of $315,000. The amount sought will pay Class Counsel for the time and expense spent litigating this dispute and assuming the risk of bringing the action on your behalf. The Court may award less than the amount requested. Any amount paid to Class Counsel will be paid separately by CMS and will not reduce or otherwise affect your share or from any recovery to the class.

(Filing No. 207-2, Index of Evid., Ex. 1B(b), Website Notice at 5, Question No. 16).

[4]The court's preliminary order of approval will incorporate the Proposed Class Settlement Agreement by reference. The only difference is a change in the deadlines for objections to the settlement.

Action Fairness Act of 2005" (CAFA) and that the settlement is limited to Nebraska consumers. Defendant CMS agrees to serve the appropriate CAFA notice under 28 U.S.C. §1715(b) on the appropriate state and federal officials within ten (10) days of the entry of the order of Preliminary approval.

The proposed Class Settlement Agreement states that notice to the class members, ascertained in CMS business records, will be provided via individually-mailed summary postcards (Filing Nos. 207-4 at 5-6, 207-3). It also provides that the mailing follow a national change of address database search for most recent addresses (Filing No. 207-1, Index of Evid., Ex. 1, Class Settlement Agreement at 10). The Court finds that parties' proposed procedure is designed to provide actual notice to the class. The notice plan appears to take reasonable steps to update addresses and to resend notices returned with a new forwarding address.

The proposed postcard contains sufficient information to apprise a class member of the action and refers the recipient to a website that provides more detailed information (Filing No. 207-3, Index of Evid., Ex.1B(a), Postcard Notice). The proposed summary postcard notice also includes a Spanish language translation and provides a toll-free phone number whereby recipients without internet access can request the complete notice and a printed claim form. Also, the postcard summary notice provides a toll-free phone number for answers to questions any class member may have.

Both the summary postcard and the website notice are written in plain language and are clearly designed to advise the class members of their rights and to explain procedures for exclusions and objections. Also, the website notice provides information regarding the payment of attorney fees and discloses the amount of the potential fee award. The website notice provides sufficient detailed notice of the terms of the proposed settlement and also provides recipients a method for obtaining, completing and submitting a claim form electronically. The proposed class settlement claim form is not

overly complicated or technical, asking only for a signature, date, and current address. Taking into account the nature of the claims, the facts presented, and the size of the class, the Court finds that the combination of the summary postcard notice delivered by mail and the reference to a website that contains the complete notice, the claim form, the proposed settlement agreement, and other case information, is the best notice practicable under the circumstances. Accordingly, the Court finds the proposed form and method for notifying the class members of the settlement and its terms and conditions meets the requirements of Fed. R. Civ. P. 23(c)(2)(B) and satisfies due process.

Although the Class Settlement Agreement and attached notices do not specify deadlines for class members to file claims, request exclusions, or object to the agreement, the Court finds that class members must be afforded 60 days after the mailing of the summary postcard notice in which to file claims or requests for exclusion from the class. Objections should be filed with the Court no later than three (3) business days before the final hearing and appearances of counsel will be allowed until two (2) business days before the day of the hearing.[5] Within those parameters, the Court will approve dates agreed to by the parties. The Court approves the form and substance of the proposed notices and claim form described in the proposed Class Settlement Agreement, subject to compliance with the Court's deadline restrictions (Filing Nos. 207-3, Index of Evid., Ex.1B(a), Postcard Notice; 207-4, Index of Evid., Ex. 1B(b), Website Notice; 207-5, Index of Evid., Ex. 1B(c), Mailed Claim Form).

---

[5]Although objectors are encouraged to provide timely notice, in the interest of fairness, the Court will—for good cause shown—consider objections made at the hearing and allow anyone who appears at the hearing to be heard. Also, materials filed with the court will be entered into the court's electronic filing system and served on counsel electronically, so there should be no additional requirement to mail or deliver copies to counsel. Any proposed provisions or language to the contrary will not be included in the court's order and the parties are directed to conform the notices accordingly.

## III.   ANALYSIS

The Court is familiar with this litigation and finds the case has been vigorously litigated. There is nothing to suggest the agreement is the result of any fraud or collusion. The parties have strongly advocated for their respective positions, both in this Court and at the Court of Appeals. Discovery in the case had proceeded to a point where all parties were aware of the merits of their positions. The Class Settlement Agreement is the result of arm's length negotiation at a settlement conference presided over by a skilled mediator.

Class counsel has shown that the plaintiff class is unlikely to recover more through litigation. Because the putative class members' recovery is limited under the FDCPA and the putative class is large, there would be some risk that putative class members could not recover. In view of the attendant risks and burdens of continued litigation, the total class settlement recovery of approximately $513,000.00 appears, on preliminary review, to provide a fair, reasonable and adequate result for class members and is within the range of reasonableness. The amounts provided for attorney fees and class representative payments are clearly disclosed to class members and will not reduce or otherwise affect the Class Settlement Fund. Further, as a result of the settlement, the class members and other consumers will receive the benefit of the changes in the defendants' business practices.

The Court finds the parties have shown—based on the claims and defenses in this action, its procedural posture, the anticipated time and expense of protracted litigation, and the fact that damages are limited by statute—that the proposed settlement is reasonable and may be in the best interests of the class. This action has been pending since late 2011. The proposed settlement obviates the risk of further delay of this protracted litigation. In light of the contentious nature of this litigation, disputes on liability and class certification, the defendants' net worth limitations, the vagaries of a jury trial and potential appeals, the proposed settlement appears, upon preliminary

review, to be within the range of reasonableness. Accordingly, the Court finds the proposed settlement should be submitted to the class members for their consideration. A fairness hearing under Federal Rule of Civil Procedure 23(e) will be scheduled, after which an order of final approval will issue.

Further, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(b), the defendants will be ordered to notify federal and state agencies as to the filing of a proposed class action settlement (CAFA Notice), and the Final Approval hearing shall not occur until the CAFA Notice has been provided as required.

IT IS ORDERED:

1. The plaintiffs' unopposed motion for class certification and for preliminary approval of class action settlement (Filing No. 205) is GRANTED.

2. An order in conformity with this Memorandum and Order and in substantial conformity with the parties' proposed preliminary order (Filing No. 207-2, Index of Evid., Ex. 1A) will issue this date.

Dated this 25th day of July, 2016.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge