IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAURA POWERS, on behalf of herself and all others similarly situated; NICHOLE PALMER; and JASON PALMER;<br><br>Plaintiffs,<br><br>v.<br><br>CREDIT MANAGEMENT SERVICES, INC.; DANA K. FRIES; JESSICA L. V. PISKORSKI; BRADY W. KEITH; MICHAEL J. MORLEDGE; and TESSA HERMANSON;<br><br>Defendants. | 8:11CV436<br><br>ORDER OF PRELIMINARY APPROVAL OF CLASS CERTIFICATION AND CLASS SETTLEMENT |

Pursuant to the Memorandum and Order entered this date,

IT IS ORDERED:

1. The proposed settlement as set forth in the Class Settlement Agreement (Filing No. 207-1, Index of Evid., Ex. 1) is incorporated herein and is preliminarily approved as within the range of reasonableness for a settlement that is fair, reasonable, and adequate, subject to a hearing for final approval pursuant to Fed. R. Civ. P. 23(c) and (e).

2. For purposes of the proposed settlement, the following settlement class is certified:

   (i) All persons with addresses in Nebraska against whom Defendants filed a county court collection complaint in the form of Exhibit C after January 1, 2008, for purposes of the NCPA, and after December 18, 2010, for purposes of the FDCPA (ii) which sought to recover attorneys' fees, prejudgment interest, and costs, pursuant to Neb. Rev. Stat. § 25-1801 (iii) where CMS did not personally provide the ninety-day presentation of the claim (iv) in an attempt to collect an alleged debt which, as shown by the nature of the alleged debt, defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes. (The Neb. Rev. Stat. § 25-1801 Class); and

   (ii) All persons with addresses in Nebraska upon whom Defendants served a county court collection complaint in the form of Exhibit A after January

      1, 2008, for purposes of the NCPA, and after December 18, 2010, for purposes of the FDCPA (ii) which sought to recover prejudgment interest pursuant to Neb. Rev. Stat. § 45-104 (iii) in an attempt to collect an alleged debt which, as shown by the nature of the alleged debt, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes. (The Neb. Rev. Stat. § 45-104 Class).

3. A Final Approval Hearing is hereby set for November 23, 2016 at 9:00 a.m., in Courtroom No. 4, Roman Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska 68102, to determine whether (i) the settlement set out in the Class Settlement Agreement should be finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class; (ii) a final judgment should be entered dismissing the claims of the Class Representatives and Class Members with prejudice and on the merits, as required by the Class Settlement Agreement; and (iii) to approve, with or without modification, the Class Representatives' awards.

4. Within ten (10) days of the date of this order, defendant CMS shall notify the appropriate federal and state officials of this proposed class settlement pursuant to 28 U.S.C. § 1715. Defendant CMS shall file a certificate of compliance with respect to the CAFA Notice within 10 days thereafter.

5. The proposed summary postcard notice of proposed class action settlement attached as Exhibit 1B(a) to the Class Settlement Agreement (Filing No. 207-3) is hereby approved as to form and substance.

6. Defendant CMS is directed to cause the notice to be delivered to class members by mail, based on address information gathered from CMS business records and a subsequent search of each name and address in the National Change of Address database, within 45 days of the date of this order. Defendant CMS shall file a certification of such mailing within two weeks thereafter.

7. The proposed detailed website notice of proposed class action settlement attached as Exhibit 1B(b) to the Class Settlement Agreement (Filing No. 207-4) is hereby approved as to form and substance, subject to modifications as set forth in the Memorandum and Order (Filing No. 209) at 8 & n.5. The parties are directed to conform the deadlines in the notice as set forth in the Memorandum and Order at 8.

8. First Class, Inc., of Chicago, Illinois, is approved as class administrator herein.

9. Distribution of the settlement fund shall be made on a claims-made basis, i.e., in order to claim a pro-rata share of the settlement fund, class members

      must submit a claim, in the form provided in the class notice, to the Claims Administrator on or before the date set forth in the notice.

10. Any Class Member who desires to request exclusion from the Settlement Class, must submit a written and signed statement entitled "Request for Exclusion" by mail or hand-delivery, post-marked or delivered by the date set forth in the notice, to the CMS Settlement Class Administrator, c/o First Class, Inc., 5410 W Roosevelt Rd, Suite 222, Chicago, IL 60644-1490.

11. Any Class Member who wishes to object to the proposed settlement must file an objection with the court as instructed in the notice no later than three (3) business days before the hearing. Notwithstanding the above, the court will—for good cause shown—consider the objections of those class members who appear at the Final Approval Hearing.

12. Pursuant to Rule 23(c)(2)(B)(iv), any member of the class may enter an appearance through an attorney by filing the appearance with the court at any time prior to November 23, 2016 Final Approval Hearing.

13. If, for any reason, the Class Settlement Agreement ultimately does not become effective, the Class Settlement Agreement will be null and void in its entirety; and nothing stated in the Class Settlement Agreement or in this order shall be deemed an admission or waiver of any kind by any of the parties.

Dated this 25th day of July, 2016.

                                                BY THE COURT:

                                                s/ *Robert F. Rossiter, Jr.*
                                                United States District Judge