IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAURA POWERS, on behalf of herself and all others similarly situated; NICHOLE PALMER, AND JASON PALMER, | 8:11CV436 |
| Plaintiffs, | |
| vs. | MEMORANDUM AND ORDER |
| CREDIT MANAGEMENT SERVICES, INC., DANA K. FRIES, TESSA HERMANSON, JESSICA L. V. PISKORSKI, BRADY W. KEITH and MICHAEL J. MORLEDGE[1], | |
| Defendants. | |

This matter is before the Court on the parties' Joint Motion for Final Approval of Class Settlement (Filing No. 214), and on objections thereto filed by interested parties Cynthia Koester (Filing No. 213) and Dana and Marsha Hansen ("the Hansens") (Filing No. 221). Plaintiffs Laura Powers, Nichole Palmer, and Jason Palmer (plaintiffs or "Class Representatives") filed the above-captioned class action lawsuit ("Lawsuit") asserting class claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Nebraska Consumer Protection Act ("NCPA"), Neb. Rev. Stat. § 59-1601, *et seq.* Credit Management Services, Inc. ("CMS") denied liability alleged in the Lawsuit. This Court has jurisdiction over the subject matter and settling parties.

---

[1] The parties' proposed preliminary approval order and the Class Settlement Agreement provided for dismissal without prejudice of the individual defendants on preliminary approval and for reinstatement thereafter if final approval were not granted. Although that provision was not incorporated into the Court's Order of Preliminary Approval, the individual defendants will be dismissed at this time pursuant to the Class Settlement Agreement and a money Judgment will be entered only as to defendant Credit Management Services.

## I. BACKGROUND

The Court is familiar with the litigation. There has been extensive discovery, significant motion practice and briefing, an interlocutory appeal to the Eighth Circuit Court of Appeals followed by a remand and additional motions for summary judgment. The parties vigorously prosecuted and defended their respective positions. After extensive arms-length negotiations, including a settlement conference conducted by Magistrate Judge Thomas Thalken, the plaintiffs and CMS entered into a Class Action Settlement Agreement ("Agreement"), which is subject to review under Federal Rule of Civil Procedure 23.[2]

On May 25, 2016, the parties filed the Agreement, along with their Motion for Preliminary Approval of Settlement ("Preliminary Approval Motion"). In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, more than ninety days prior to the Fairness Hearing, on June 2, 2016, counsel for CMS served written notice of the proposed class settlement on the appropriate federal and state officials (Filing No. 211).

On July 25, 2016, upon consideration of the parties' Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Certification and Class Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (1) preliminarily certified (for settlement purposes) a class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (2) preliminarily approved the proposed settlement; (3) appointed plaintiffs as the Class Representatives; (4) appointed Pamela A. Car, William L. Reinbrecht and O. Randolph Bragg as Class Counsel; and (5) set the date and time of the Fairness Hearing.

---

[2] All capitalized terms used herein have the meaning defined herein and/or in the Agreement.

Pursuant to the Court's Preliminary Approval Order, the approved summary class action notices were mailed to the Class Members, with reference to a website containing the complete notice, the claim form and information regarding this lawsuit and the settlement. A Spanish version was also made available. The form and method for notifying the Class Members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Rule 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notices were clearly designed to advise the Class Members of their rights.

Before the hearing, two objections to the proposed settlement were filed. Cynthia Koester objected to the amount of the settlement, contending it was inadequate. The Hansens had no objection to the amount of the settlement but had concerns about the adequacy of the notice.

## II. FAIRNESS HEARING

On November 23, 2016, the Court held a Fairness Hearing pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court. Ms. Koester did not appear at the hearing. The Court finds that the plaintiffs have shown that the settlement is fair and reasonable. Having obtained the defendants' financial and tax records, the plaintiffs represented to the Court that the negotiated settlement is the most they could have recovered given the limits imposed under the FDCPA and the defendants' financial condition. Accordingly, the Court finds Koester's objection to the amount of the settlement should be overruled.

Dana Hansen ("Hansen") appeared at the hearing. He testified that several postcards were mailed to his address or his Post Office Box. Two of those were

addressed to the former occupants of his home, Robin and Anita Boger ("the Bogers"). He apparently located and contacted the Bogers in Harvard, Nebraska, and related to the Court that he believed the Bogers wished to be included in the class. He also testified he received postcards addressed to the Hansens at their present and former addresses and their Post Office Box. There is no issue regarding the Hansens' receipt of notice. Hansen testified that the Hansens wish to be included in the class and the record shows that they have submitted claims. The Court has considered the Hansens' concerns and finds the objection to the notice component of the settlement should be overruled. The parties have shown the notice provided was the best notice practicable under the circumstances.

At the hearing, the Court admitted into evidence a Summary of Class Notices Mailed and Class Member Responses, Exhibit 1, and the Supplemental Affidavit of Bailey Hughes, an employee of the Class Administrator, Exhibit 101 ("Hughes Supp. Aff."). The record shows that 196,987 notices were mailed to the Class Members' last known addresses (provided to the Class Administrator by defendants) by first class mail. The process of providing the notice, including identifying and removing duplicates and obtaining current addresses is set forth in Hughes's original Affidavit ("Hughes Aff.") (Filing No. 216-2).[3] The record shows that the Class Administrator received 11,494 timely claims. In addition, the Class Administrator received thirty-seven late claims and twenty-one questionable claims. The questionable claims were designated as questionable due to technical defects such as not being submitted by the Class Member or

---

[3] Before mailing the postcard notice to the individuals on the class mailing list, the Class Administrator followed its standard practice of processing the list through the NCOA (National Change of Address) and Coding Accuracy Support System ("CASS") update process of the U.S. Postal Service using software certified by the U.S. Postal Service. CASS allows the Class Administrator to verify the address is correctly formatted for delivery and it also corrects zip codes. NCOA Move Update provides current address information, if available, and information regarding deliverability (Filing No. 216-2, Hughes Aff. at 2).

4

not signed by the Class Member, or not submitted online or using the designated written claim form.

The parties stated at the hearing that they had no objection to the inclusion of the untimely and questionable claims in the class settlement. Further they have no objection to the inclusion of an individual named Jessica Arterburn, who contacted the Class Administrator by telephone. Accordingly, the thirty-seven late claims (including Arterburn's) and twenty-one questionable claims are approved and will be included in the class settlement, resulting in 11,552 total claims. In accordance with the Agreement, the total settlement shall be distributed to those claimants pro rata. Checks shall be made payable to the Class Member, unless the Class Administrator has received an indication that the Class Member is deceased, in which case the settlement check may be made payable to the person submitting the claim.

The record also shows the Class Administrator received valid responses from sixteen people who indicated they wished to opt out of the class. Two requests for exclusion were received from persons who also filed claims, Andres Ramirez of North Platte, Nebraska, and Wayne Christner of Imperial, Nebraska. Those individuals will be considered to have opted out of the settlement and will not be included in the class. Accordingly, eighteen members of the Class have made valid and timely requests for exclusion and are excluded from the class and settlement and are not bound by this Order. The identities of such persons are set forth in the November 10, 2016, Hughes Affidavit (Filing No. 216-2).

In her Supplemental Affidavit, Hughes states that online claim forms were submitted using the claim code unique to each record for Dana Hansen, Marsha Hansen and Marica Hansen.[4] It thus appears that the Hansens are included in the class. Hughes

---

[4] Hansen also claimed that his wife Marsha received cards under the name of "Marsha" and "Marica" (apparently a misspelled version of "Marsha" or "Marcia").

5

further states that postcards were mailed to the Borgers at two addresses: the Hansen's present address in Grand Island and to the Borgers's address in Harvard, Nebraska. None of the postcards were returned as undeliverable and no claim forms were submitted to the Class Administrator. The Court finds the Bogers received actual notice of the settlement and claims procedure and failed to file a claim. Accordingly, the Bogers are not included in the class.

### III. DISCUSSION

The Court has reviewed and considered the Agreement, Final Approval Motion, and the record. For the reasons stated in the Court's earlier Memorandum and Order granting the plaintiffs' unopposed motion for preliminary approval (Filing No. 209), the Court finds this action satisfies the applicable prerequisites for class-action treatment under Rule 23, namely: the Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable; there are questions of law and fact common to the Class Members, which predominate over any individual questions; the claims of the plaintiffs are typical of the claims of the Class Members; the plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

The Court finds that the settlement of this action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the plaintiffs' case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment that may be obtained on behalf of the class; and the limited amount of any potential total recovery for the class.

The Agreement provides the named plaintiffs are each awarded $7,000 as statutory damages and for their services as the class representatives. There are no objections to the plaintiffs' recovery of $7,000 each for service as class representatives. The Agreement provides for distribution of $198,000 to the class on a pro rata basis. Any undistributed amounts are to be awarded as a *cy pres* remedy to the National Consumer Law Center and National Association of Consumer Advocates, for use in consumer representation and education. Additionally, CMS agrees that going forward it will no longer use complaints in the precise form of Exhibits A and C to the Amended Complaint.

The Agreement also provides for an award of attorney fees in the amount of $315,000. There are no objections to the award of fees. The plaintiffs' Unopposed Motion for Approval of Plaintiffs' Incentive Awards, Attorneys' Fees and Costs (Filing No. 217) is addressed in a separate order.

The Court finds the Final Approval Motion should be granted, the proposed Class should be certified, and the Agreement should be approved. Accordingly,

IT IS ORDERED:

1. Cynthia Koester's objection to the settlement (Filing No. 213) is OVERRULED.

2. Dana and Marsha Hansen's objection to the settlement (Filing No. 221) is OVERRULED.

3. The parties' Joint Motion for Final Approval of Class Settlement, (Filing No. 214) is GRANTED.

4. Pursuant to the Class Settlement Agreement (Filing No. 207-1), individual defendants Dana K. Fries, Tessa Hermanson, Jessica L. V. Piskorski, Brady W. Keith, and Michael J. Morledge are DISMISSED as party defendants.

5. A Final Order Approving Class Action Settlement in conformity with this Memorandum and Order and in substantial conformity with

the parties' proposed final order (Filing No. 216-3), as well as a separate Judgment will issue this date.

Dated this 29th day of November, 2016.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge