IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAURA POWERS, on behalf of herself and all others similarly situated; NICHOLE PALMER, AND JASON PALMER,<br><br>            Plaintiffs,<br><br>   vs.<br><br>CREDIT MANAGEMENT SERVICES, INC., DANA K. FRIES, TESSA HERMANSON, JESSICA L. V. PISKORSKI, BRADY W. KEITH and MICHAEL J. MORLEDGE,<br><br>            Defendants. | **8:11CV436**<br><br>**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT** |

Pursuant to the Memorandum and Order entered this date,

1.    Pursuant to Federal Rule of Civil Procedure 23(b)(3), the above-captioned case is hereby finally certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (the "Class Members") with respect to the claims asserted in this action:

> (i) All persons with addresses in Nebraska against whom defendants filed a county court collection complaint in the form of Exhibit C after January 1, 2008, for purposes of the Nebraska Consumer Protection Act, and after December 18, 2010, for purposes of the Fair Debt Collection Practices Act (ii) which sought to recover attorneys' fees, prejudgment interest, and costs, pursuant to Neb. Rev. Stat. § 25-1801 (iii) where Credit Management Services did not personally provide the ninety-day presentation of the claim (iv) in an attempt to collect an alleged debt which, as shown by the nature of the alleged debt, defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes ("Section 25-1801 Class").

> (i) All persons with addresses in Nebraska upon whom defendants served a county court collection complaint in the form of Exhibit A after January 1, 2008, for

       purposes of the Nebraska Consumer Protection Act, and after December 18, 2010, for purposes of the Fair Debt Collection Practices Act (ii) which sought to recover prejudgment interest pursuant to Neb. Rev. Stat. § 45–104 (iii) in an attempt to collect an alleged debt which, as shown by the nature of the alleged debt, defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes ("Section 45-104 Class").

2. Pursuant to Rule 23, the Court finally certifies Plaintiffs Laura Powers, Nichole Palmer, and Jason Palmer as the Class Representatives and William L. Reinbrecht and Pamela A. Car of the law firm CAR & REINBRECHT and O. Randolph Bragg of the law firm HORWITZ, HORWITZ & ASSOCIATES, as Class Counsel.

3. The Class Settlement Agreement ("Agreement") (Filing No. 207-1) is finally approved and incorporated herein. All capitalized terms used herein shall have the meanings defined in the Agreement. The Agreement shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The parties are hereby directed to perform the terms of the Agreement.

4. This Final Order Approving Class Settlement is binding on all Class Members, except those individuals identified in the Affidavit of Bailey Hughes (Filing No. 216-2), who validly and timely excluded themselves from the class.

5. The Class Representatives, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. Except for the determination of an award of attorney fees and costs pursuant to the release contained in the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order. Nothing in this Final Order Approving Class Settlement or in the Class Settlement Agreement prevents a Class Member from defending a county court collection action brought against them by Credit Management Services.

6. This Final Order Approving Class Settlement is not, and shall not be construed, as an admission by Credit Management Services of any liability or wrongdoing in this or in any other proceeding.

7. This action is hereby dismissed with prejudice in all respects with respect to all defendants. This Court retains jurisdiction until all matters pertaining to the settlement are concluded.

8. A separate Judgment in conformity with this Final Order Approving Class Settlement will issue this date.

Dated this 29th day of November, 2016.

> BY THE COURT:
>
> s/ *Robert F. Rossiter, Jr.*
> United States District Judge