IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAURA POWERS, on behalf of herself and all others similarly situated; NICHOLE PALMER, AND JASON PALMER, | 8:11CV436 |
| Plaintiffs, | |
| vs. | MEMORANDUM AND ORDER |
| CREDIT MANAGEMENT SERVICES, INC., | |
| Defendant. | |

This matter is before the Court on the plaintiff's Unopposed Motion for Approval of Plaintiffs' Incentive Awards, Attorneys' Fees and Costs (Filing No. 217). This is a class action for violations of the Fair Debt Practices and Collection Act ("FDPCA"), 15 U.S.C. § 1692 *et seq.* and the Nebraska Consumer Protection Act ("NCPA"), Neb. Rev. Stat. § 59-1601 *et seq*. The plaintiffs request fees in the negotiated amount of $315,000 and costs in the amount of $3,112.29. They also seek an award in the amount of $7000 to each plaintiff for service as class representatives.

I.   FACTS

The parties have entered into a Class Settlement Agreement ("Agreement") that resolves this litigation, including payment of plaintiffs' costs and attorney fees (Filing No. 207-1). In the Agreement, the parties agree to attorney fees of $315,000. This amount is separate from and in addition to the payments to the class members. Class members received notice of the plaintiffs intention to request approval of attorney fees and of the amount requested (Filing No. 207-4, Ex. 1B(b), Website Notice). The defendants do not oppose the plaintiffs' motion. Further, the defendants acknowledge in the Agreement that the plaintiffs are prevailing parties in this litigation.

In the Agreement, the defendants have agreed to pay statutory damages of $198,000 to the Class, as defined in the Court's Final Order Approving Class Settlement,

and $7,000 each to Laura Powers, Nichole Palmer, and Jason Palmer for service as class representatives. The plaintiffs represent to the Court that plaintiffs' counsel received and reviewed the defendants' net worth documentation in negotiating the settlement. Based on the defendants' representations, it is the parties' understanding that the amount designated for the FDPCA component of the settlement represents the maximum amount of statutory FDPCA damages available.[1] The defendants also agreed to pay all administrative expenses of the settlement. Also, the defendants agreed to stop using the county court complaints at issue in Nebraska in the future.

The plaintiffs have shown the negotiated fee amount represents substantial reductions in both the usual hourly rate and time actually spent on the case by plaintiffs' counsel. The plaintiffs represent that the attorney fee figure reflects a discount of $61,117.79 from counsels' lodestar amount of $376,117.69.

The Court held a fairness hearing on the parties' Joint Motion for Final Approval of Class Settlement and objections thereto, and on lead plaintiffs' Motion for Approval of Plaintiffs' Incentive Awards, Attorneys' Fees and Costs on November 23, 2016. The Court overruled two objections (Filing No. 213 and 221) to the class settlement. The Court has approved the settlement. There were no objections to the amount of attorney fees or to the incentive awards.

The Court has reviewed the documents filed in support of the plaintiffs' motion for fees (Filing Nos. 219-1 through 219-10). The plaintiffs have shown that attorney O. Randolph Bragg has expended a total of 137.1 hours through November 2, 2016, at the hourly rate of $375 per hour and his paralegal, Shannon Carter, expended a total of .5 hours on this litigation at the rate of 62.50 per hour. (Filing No. 219-1, Declaration of O. Randolph Bragg). Attorney Pamela A. Car expended a total of 373 hours on the litigation through November 2, 2016 at the rate of $350 per hour (Filing No. 219-4,

---

[1] The FDPCA caps statutory damages in a class action at the lesser of $500,000 or one per cent of the debt collector's net worth. 15 U.S.C. § 1692k(a)(2)(B)(ii).

Declaration of Pamela Car). The plaintiffs' attorney William L. Reinbrecht expended 593.8 hours of work at the rate of $325 per hour (Filing No. 219-6, Declaration of William L. Reinbrecht). Also, plaintiffs have shown they incurred a total of $3,112.29 in compensable expenses for filing fees, photocopies, and depositions.

Attorneys Bragg, Reinbrecht and Car have also shown they have extensive experience litigating consumer cases and have achieved similar awards in other cases. Further, counsel have shown they reduced the hours billed where appropriate. The plaintiffs have shown that, as class representatives, they assisted counsel in gathering information and documents, and they attended hearings and depositions, and expended other efforts over the lengthy course of this litigation.

The Court is familiar with the litigation. There has been extensive discovery, significant motion practice and briefing, an interlocutory appeal to the Eighth Circuit Court of Appeals followed by a remand and additional motions for summary judgment. The parties vigorously prosecuted and defended their respective positions. Also, the record shows that the parties engaged in extended arms-length negotiations regarding settlement.

## II.     LAW

The FDPCA "does contemplate an award of costs and 'a reasonable attorney's fee as determined by the court' in the case of 'any successful action to enforce the foregoing liability.'" *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 598 (2010) (quoting 15 U.S.C. § 1692k(a)(3)). Courts have discretion in calculating reasonable attorney fees under the statute. *Id.* at 598 & n.16; *see*, *e.g.*, *Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995) (holding that the award of attorney fees to plaintiffs for a debt collector's violation of "any provision" of the FDPCA is mandatory); *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989) (concluding the award of attorney fees to a successful plaintiff in an FDPCA action is mandatory); *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628-29 (4th Cir. 1995) (deciding an award

of attorney fees under the FDPCA is mandatory in the absence of bad faith conduct on the part of the plaintiff); *but see Johnson v. Eaton*, 80 F.3d 148, 150-152 (5th Cir. 1996) ("attorney's fees . . . are only available [under § 1692k] where the plaintiff has succeeded in establishing that the defendant is liable for actual and/or additional damages"; this reading "will deter suits brought only as a means of generating attorney's fees").

Thorough judicial review of fee applications is required in all class action settlements. *In re Diet Drugs*, 582 F.3d 524, 537-38 (3d Cir. 2009); *Johnston v. Comerica Mortg. Corp.*, 83 F.3d 241, 246 (8th Cir. 1996) (noting that the district court bears the responsibility of scrutinizing attorney fee requests). Courts utilize two main approaches to analyzing a request for attorney fees: (1) the "lodestar" methodology (multiplying the hours expended by an attorney reasonable hourly rate of compensation to produce a fee amount that can be adjusted to reflect the individualized characteristics of a given action); and (2) the "percentage of the benefit" approach (permitting an award of fees that is equal to some fraction of the common fund that the attorneys were successful in gathering during the course of the litigation). *Johnston*, 83 F.3d at 244-45. It is within the Court's discretion to decide which method to apply. *Id.*

"Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) (stating that "[n]ormally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified."). Although there is no precise formula for determining a reasonable fee, the district court generally begins by calculating the lodestar—the attorney's reasonable hourly rate multiplied by the number of hours reasonably expended. *Id.* at 433-37; *Marez v. Saint-Gobain Containers, Inc.*, 688 F.3d 958, 965 (8th Cir. 2012). The standards set forth in *Hensley* are generally applicable in all cases in which Congress has authorized an award of fees to a "prevailing party." *Hensley*, 461 U.S. at 433 n.7. In assessing attorney fees, the district court should consider the twelve factors set forth in *Johnson v. Ga. Highway*

*Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[2] *See Marez*, 688 F.3d at 966 n.4; *Zoll v. E. Allamakee Cmty. Sch. Dist.*, 588 F.2d 246, 252 (8th Cir. 1978); *Allen v. Amalgamated Transit Union, Local 788*, 554 F.2d 876, 884 (8th Cir. 1977).

The market value in the relevant legal community of the legal services performed is used to determine a reasonable attorney fee. *Blum v. Stenson*, 465 U.S. 886, 895 (1984) (stating "[i]n communities, the marketplace has set a value for the services of attorneys, and the hourly rate charged by an attorney for his or her services will normally reflect the training, background, experience and skill of the individual attorney."). Reimbursement for work performed by out-of-town lawyers charging out-of-town rates is generally permitted only when in-town counsel with expertise in a particular area cannot be located. *See*, *e.g.*, *Avalon Cinema Corp. v. Thompson*, 689 F.2d 137, 140-41 (8th Cir. 1982).

In addition to attorney fees, expenses and costs necessarily incurred in prosecution of a case may be recovered from defendants as part of the attorney-fee award to the extent the expenses constitute out-of-pocket expenses normally incurred by attorneys and charged to fee-paying clients. *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 395-96 (8th Cir. 2003). Also, paralegal fees are recoverable as attorney fees at their prevailing market rates. *Richlin Sec. Service Co. v. Chertoff*, 553 U.S. 571, 590 (2008).

In the Eighth Circuit, courts routinely approve service award payments to class representatives for their assistance to a plaintiff class. *See, e.g., In re Xcel Energy, Inc.*,

---

[2] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount of time involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717-19.

*Sec., Derivative, & "ERISA" Litig.*, 364 F. Supp. 2d 980, 1000 (D. Minn. 2005) (awarding $100,000 for eight lead plaintiffs in securities class action).

## III. DISCUSSION

The Court finds that the plaintiff class, as the prevailing party, is entitled to attorney fees. The plaintiff class has achieved a significant degree of success in recovering a negotiated amount above the statutory limit of damages recoverable under the FDPCA.[3] Significantly, they have also achieved prospective relief in that the defendants have agreed to make changes in their form collections letters. The request for fees was disclosed in the notice of the settlement and no class members have objected to the settlement or to the motion for fees. The plaintiffs have demonstrated that counsels' services have benefitted the class. Also, the defendants agreed to an award of fees that does not diminish the award to the class.

The Court has reviewed the declarations of counsel and time records submitted in connection with the motion. The Court is familiar with hourly rates in this community and with the skill and abilities of the attorneys involved in this litigation. The Court finds the time and labor expended by lead counsel in this case is reasonable and necessary to prosecute a case of this nature. The defendants' vigorous defense of the suit, including an interlocutory appeal, added to the plaintiffs' fees. The Court also finds, based on its familiarity with fees in this community, that hourly rates of $375 for Mr. Bragg, $350 for Ms. Car and $325 for Mr. Reinbrecht are appropriate in view of their skill and experience and in view of the complexity of class-action consumer litigation.[4] Paralegal fees of $125 an hour are also reasonable in this community.

---

[3] Of the $198,000 Settlement Fund, $58,000 was allocated to payment of FDPCA claims and $140,000 for payment of NCPA claims (Filing No. 206, Plaintiffs' Brief at 2).

[4] This Court approved these rates for plaintiffs' counsel in *Reynolds v. Credit Bureau Servs., Inc.*, 2016 WL 2864411 (D. Neb. May 16, 2016). These amounts are in line with fee awards in other cases. *Smith v. Gurstel Chargo*, No. 8:14CV183, 2016 WL 1312527 (D. Neb. April 4, 2016) (supplemental award of attorney fees); *Henggeler v.*

The plaintiffs have shown that their lodestar amount, $373,005.50 ($51,412.50 for the services of Mr. Bragg; $130,055 for the services of Pamela Car; $191,475.50 for the services of William Reinbrecht and $62.50 for the services of paralegal Shannon Carter) exceeds the negotiated settlement fee amount. The Court has considered the *Johnson v. Highway Express* factors and finds, in light of the complexity of the litigation, the skill of the attorneys, the preclusion of other employment, the relative "desirability" of the case and the time and efforts involved, the negotiated fee is appropriate and should be approved.

Lead plaintiffs also seek reimbursement of $3,112.29 in costs and expenses for the filing fee, service fees, photocopies, postage, deposition fees, medical records, and conference-call fees. Those expenses are recoverable as costs. The defendants have no objection to an award of costs. The Court finds the amount of expenses is fair and reasonable and the expenses were necessary to prosecute the claims on behalf of the class. Accordingly, the Court finds the plaintiffs' motion for costs in the amount of $3,112.29 should be granted.

The class representatives have shown they spent considerable effort in gathering information and documents, attending hearings and depositions, and assisting counsel. Given the extent of the class representatives' performance and assistance in procuring the Settlement, the Court finds that the proposed service award of $7,000 to each Class Representative is appropriate. There are no objections to the service awards. Accordingly,

IT IS ORDERED:
1. The plaintiffs' Unopposed Motion for Approval of Plaintiffs' Incentive Awards, Attorneys' Fees and Costs (Filing No. 217) is GRANTED.

---

*Brumbaugh & Quandahl, P.C., LLO*, No. 8:11CV334, 2014 WL 793544 (D. Neb. Feb. 26, 2014); *Birge v. Brumbaugh & Quandahl, P.C., LLO*, No. 8:13CV8, 2014 WL 688966 (D. Neb. Feb. 26, 2014); *Erickson v. Credit Bureau Servs., Inc.*, No. 8:11CV215, 2013 WL 672281 (D. Neb. Feb. 22, 2013).

2. The plaintiffs are awarded attorney fees in the amount of $315,000.

3. The plaintiffs are awarded costs in the amount of $3,112.29.

4. Plaintiffs Laura Powers, Nichole Palmer, and Jason Palmer are each awarded $7000 for service as representatives.

5. A separate Judgment in conformity with this Memorandum and Order will issue this date.

Dated this 29th day of November, 2016.

                                        BY THE COURT:

                                        s/ *Robert F. Rossiter, Jr.*
                                        United States District Judge