IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAURA POWERS, on behalf of herself and all others similarly situated; NICHOLE PALMER, AND JASON PALMER,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>CREDIT MANAGEMENT SERVICES, INC.,<br><br>　　　　Defendant. | 8:11CV436<br><br>**ORDER** |

　　　　This matter is before the Court on Credit Management Services, Inc., Dana K. Fries, Jessica L.V. Piskorski, Brady W. Keith, Michael J. Morledge, and Tessa Hermanson's (collectively, "movants") oral motion pursuant to Federal Rule of Civil Procedure 60(a) to correct a clerical error in this Court's Judgment entered November 29, 2016 ("Judgment") (Filing No. 228).  As the movants point out, the Court, in its November 29, 2016 Memorandum and Order (Filing No. 225), dismissed the individual defendants in this case and stated "a money Judgment w[ould] be entered only as to defendant Credit Management Services."  In entering judgment in the case, however, the Court erroneously included a reference to "defendants" as follows:

　　1.　　Judgment is entered in favor of the plaintiff class and against *defendants* in the amount of $198,000 to be divided among Class Members in accordance with the Agreement.

(Filing No. 228) (emphasis added).  The movants request that the Court correct the error to reflect that judgment is only entered against Credit Management Services, Inc.  The plaintiffs take no position on the motion, provided the correction does not change the effective date of the Judgment or alter the time for appeal.

　　　　The Court finds the motion should be granted.  Rule 60(a) permits the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one

is found in a judgment, order, or other part of the record." Under Rule 60(a), the Court "may correct a judgment 'so as to reflect what was understood, intended and agreed upon by the parties and the court.'" *Kocher v. Dow Chem. Co.*, 132 F.3d 1225, 1229 (8th Cir. 1997) (quoting *United States v. Mansion House Ctr. N. Redev. Co.*, 855 F.2d 524, 527 (8th Cir. 1988) (per curiam)). A Rule 60(a) clerical correction does not alter the effective date of the Judgment or extend the time for appeal. *See*, *e.g.*, *BBCA, Inc. v. United States*, 954 F.2d 1429, 1431 (8th Cir. 1992). A clerical correction is precisely what is needed here. Based on the foregoing,

IT IS ORDERED:

1. The term "defendants" in the first numbered paragraph of the Judgment (Filing No. 228) is hereby deleted and replaced with the phrase "defendant Credit Management Services, Inc."

2. The Judgment remains unchanged in all other respects, including its effective date of November 29, 2016.

Dated this 12th day of December, 2016.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge